## Richmond

### DANIEL EARL LAMB

### V.

### COMMONWEALTH OF VIRGINIA

June 12, 1981.

Record No. 801668.

Present: All the Justices.

*Sa'ad El-Amin* for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

The question raised in this appeal is whether an inadvertent error of the court reporter in transcribing the evidence taken at trial is an error that may be corrected by the trial court pursuant to Code § 8.01-428(B).[1]

---

[1] Code § 8.01-428(B) provides as follows:

B.  **Clerical mistakes.**—Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Daniel Earl Lamb was convicted of conspiracy to distribute heroin and cocaine. His petition for appeal from this conviction was filed May 5, 1980. The transcript was filed in the trial court March 5, 1980; notice of the filing was given on March 27, 1980. On April 23, 1980, the record, including the transcript, was filed in the Clerk's Office of this Court. On May 23, 1980, the Commonwealth filed notice in the trial court that a motion for correction of the transcript would be submitted to the trial court on June 2, 1980. By order entered June 6, 1980, the trial court, noting that counsel for Lamb had received notice but had failed to appear, corrected the transcript to show that on line 9, page 58, Volume I, Debroah London, a key witness for the Commonwealth, had testified that Lamb had told her that he was getting drugs from "Lee". The court reporter had incorrectly transcribed London's answer to read that Lamb had told her he was getting drugs from "me". The order directed the clerk to forward the corrected page of transcript to this Court.

Lamb's counsel moved to set aside or vacate the order of June 6 on the ground that correction of the error was not made in compliance with Rule 5:11,[2] that the record was transmitted to the Clerk's Office of this Court on April 23, 1980, and that the trial court, therefore, was without jurisdiction to enter the order.

The trial court conducted an evidentiary hearing on the motion, in which Lamb's counsel participated. The court reporter testified that she had incorrectly transcribed her notes and had typed "me" when the correct word was "Lee". She explained in detail how the error occurred. She also testified that she was not an employee of the court clerk.

---

[2] Rule 5:11. Objections to Transcript of Written Statement; Correction.

Any party may object to a transcript or written statement on the ground that it is erroneous or incomplete. Notice of such objection specifying the errors alleged or the deficiencies asserted shall be tendered to the judge within ten days after the transcript (Rule 5:9(a) or (b)) or copy of the written statement (Rule 5:9(c)(i)) is filed in the office of the clerk or, if the transcript or written statement is filed before the notice of appeal is filed, within ten days after the notice of appeal has been filed in the office of the clerk. The judge shall within ten days either overrule the objection, make any corrections that he deems required, include any accurate additions to make the record complete or certify the respect in which the record is incomplete, and sign the transcript or written statement to verify its accuracy. The judge's signature, without more, constitutes his certification that the procedural requirements of Rule 5:9 and this Rule have been complied with.

The judge may, after notice to counsel and hearing, correct the transcript or written statement at any time while the record remains in the clerk's office.

By order entered July 17, 1980, the trial court overruled Lamb's motion to vacate and affirmed the order of June 6, 1980, correcting the error in the transcript. On appeal, Lamb argues, as he did below, that the error of the court reporter could not be corrected under the provisions of Code § 8.01-428(B), and that Rule 5:11 controls in this instance.

To enable us effectively to fulfill our function of appellate review it is usually necessary for us to have an accurate transcript or written statement of the testimony and incidents of trial in the case before us. Therefore, we have promulgated Rule 5:11 so that counsel, or the trial judge on his own initiative, may have a simple procedure available to correct errors of commission or omission in the transcript or written statement. The responsibilities of the trial judge and opposing counsel while the case is still under the control of the trial court are clearly defined. *See Harris* v. *Woodby, Inc.,* 203 Va. 946, 948-49, 128 S.E.2d 278, 280-81 (1962). Rule 5:11 provides the preferred procedure that should be used in all cases to correct transcripts.

The Commonwealth concedes that in the present case there was no attempt to correct the transcript pursuant to Rule 5:11. It is apparent that the Commonwealth failed to detect the obvious error until the transcript had been transmitted as part of the record from the trial court to our Court. The question is whether Rule 5:11 provides the exclusive procedure for correcting errors, such as the one that occurred in this case. We hold that it does not.

For many years our trial courts have had statutory authority to correct clerical errors in their decrees. *See Dillard's Adm'r* v. *Dillard And Als.,* 77 Va. 820 (1883). Thus, under the provisions of Code § 8-348 (Repl. Vol. 1957), a trial court had power to correct clerical errors within three years after the date of final judgment. *Highway Commissioner* v. *Easley,* 215 Va. 197, 202, 207 S.E.2d 870, 874 (1974). In 1977, this statute was reenacted in expanded form as § 8.01-428, to include the provision set forth in footnote 1, *supra.* Acts 1977, c. 617.

Lamb contends that the error here in controversy was not a "clerical mistake" because it was made not by the court clerk, one of the clerk's subordinates, or some other court employee, but by an independent court reporter. However, we do not construe the word "clerical" as limited by the identity of the person who made the mistake. Courts in many other jurisdictions have reached similar conclusions. *See, e.g., In Re Merry Queen Transfer Corp.,* 266

F. Supp. 605, 607 (E.D.N.Y. 1967); *In Re Marriage of Royall*, 569 S.W.2d 369, 370-71 (Mo. Ct. App. 1978); *Spomer* v. *Spomer*, 580 P.2d 1146, 1148-49 (Wyo. 1978).

Furthermore, although Paragraph B of the present statute is entitled "Clerical mistakes", the text includes other errors in the record "arising from oversight or from an inadvertent omission". Thus, the language of the statute clearly is broad enough to cover more than errors committed by the clerk or one of the clerk's employees. *See, e.g., Dorn* v. *Dorn,* 222 Va. 288, 279 S.E.2d 393 (1981) (This day decided); *Cutshaw* v. *Cutshaw,* 220 Va. 638, 261 S.E.2d 52 (1979). We agree with the trial court that the statute is sufficiently comprehensive to authorize the correction of an inadvertent error in a transcript made by a court reporter. Moreover, while predecessor statutes may have been intended to apply only in civil proceedings, the language of § 8.01-428 evidences no such restrictive intent. Nor is there any time limit prescribed for making the correction.

The statute provides that correction of errors in the record after the docketing of an appeal in the appellate court may be made with leave of the appellate court. Although the trial judge in this case, in the hearing on the motion to vacate, called the attention of counsel to this statutory provision, the Commonwealth has not addressed the question either in the trial court or before us. We consider the provision to be controlling.

An appeal is docketed[3] upon receipt of the petition for appeal in the Clerk's Office of our Court. A record number is assigned which identifies the petition and all other documents, including the record, that are filed in connection therewith until the final disposition of the case in our Court. In many instances, the record is received before the petition for appeal is filed, but the case becomes a pending appeal in our Court upon the filing of the petition. Therefore, since the appeal in the present case was docketed before the error was discovered, correction may be made only with leave of this Court.

We have carefully reviewed the proceedings in the trial court on the motion to correct. It is clear, as the trial court found, that the error was a mere error of inadvertence in the transcription of one word. There is no doubt as to the correct word. Indeed,

---

[3] The verb "docket" has been defined as follows:

"To abstract and enter in a book. To make a brief entry of any proceeding in a court of justice in the docket." Black's Law Dictionary 431 (Fifth Ed. 1979).

the testimony of the court reporter acknowledging her error and reading from her original notes the word that should have been transcribed remained uncontradicted and unimpeached after she was subjected to searching cross-examination by Lamb's counsel. The administration of justice, therefore, will be better served by permitting the transcript to be corrected to give an accurate record of the testimony of a principal witness than by restricting ourselves to a transcript that is flawed by a glaring error. Lamb cannot claim to be improperly prejudiced by a record that establishes the actual testimony given at trial.

Accordingly, we hold that the transcript shall be corrected in the manner ordered by the trial court. As there is no time limit within which leave of this Court may be granted, our action in affirming the judgment of the trial court will be tantamount to granting leave to the Commonwealth to have the transcript so corrected. To hold otherwise would be to elevate form over substance and to restrict our appellate review to an inaccurate transcript when an accurate one is available.

*Affirmed.*