## CIRCUIT COURT OF ARLINGTON COUNTY

Esper

v.

Crider

January 10, 1989

Case No. (Law) 88-365

By JUDGE PAUL F. SHERIDAN

This law action was filed March 22, 1988. Service was accomplished May 19, 1988, by posting at defendant's "usual place of abode." On May 27, 1988, the Court entered by default a "Judgment Order" awarding $39,341.93 plus costs and "interest from March 21, 1988," to Plaintiff, based upon an affidavit by Plaintiff's counsel as to damages.

On August 23, 1988, defendant, by counsel, moved to vacate that default judgment, asserting several grounds: (1) defective service; (2) meritorious legal and factual defenses; (3) "the interest of justice and fundamental fairness."

At a hearing September 1, 1988, the court concluded factually that defendant's "usual place of abode" at the time of service was the address at which service had actually been achieved and further concluded that it was inappropriate to vacate the May 27, 1988, judgment on the grounds of any defect in service. But the court concluded on September 1, 1988, that equitable considerations dictated setting aside the amount of damages awarded and that defendant should be allowed to contest damages. On September 2, 1988, counsel for plaintiff asserted, with cited authorities, that the court should not have and could not have, granted relief on the damage issue. Having

had the matter under advisement, and reviewing the arguments and authorities from able counsel on both sides, the court concludes the motion to vacate the May 27, 1988, order and judgment should be denied.

Section 8.01-428(B), Code of Virginia, does not afford a defaulted defendant relief on a claim that the amount and manner of calculating damages was wrong. "Clerical mistakes" that might afford such a defendant relief include an "oversight" by counsel who fails to ministerially prepare an order reflecting a ruling, *Cutshaw v. Cutshaw*, 220 Va. 638 (1979); correction of a court reporter's clear "mistake" in a transcript, *Lamb v. Commonwealth*, 222 Va. 161 (1981); or "the rare situation where . . . evidence clearly supports the conclusion that . . . a mutually unintended drafting error was made," *Dorn v. Dorn*, 222 Va. 288 (1981).

Here, the facts establish that the defendant failed to plead to plaintiff's notice of motion for judgment within the required time. The default judgment was appropriately entered pursuant to Rule 3:17. The factual and legal arguments by defendant do not empower the court to undertake the equitable remedy attempted after the hearing September 1, 1988. If the court does have the power to grant defendant relief herein, under Section 8.01-428(B), that power will not be exercised in favor of defendant because the facts do not justify it.

Thus, defendant's motion to vacate the May 27, 1988, judgment is denied.