COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


STACY MYERS
                                            OPINION BY
v.        Record No. 1536-97-1    JUDGE JERE M. H. WILLIS, JR.
                                         FEBRUARY 17, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                        Walter J. Ford, Judge

              Charles E. Haden (Timothy G. Clancy; Cumming,
              Hatchett & Jordan, on brief), for appellant.

              Robert H. Anderson, III, Assistant Attorney
              General (Richard Cullen, Attorney General, on
              brief), for appellee.



     Stacy Myers contends that the evidence fails to support her

conviction of second-degree murder.  The Commonwealth has moved

to dismiss this appeal, arguing that it has been heretofore

concluded.  We grant the Commonwealth's motion and dismiss this

appeal.

     On February 3, 1992, a grand jury indicted Myers for murder,

Code § 18.2-32, and felony child neglect, Code § 18.2-371.1.  The

charges stemmed from the death of Myers' newborn infant daughter

on October 25, 1991.  The charges were tried at a bench trial on

April 22, 1992.  The trial court ruled orally:

              I think she's guilty of the charge of
          the felony murder.  Not -- not first degree.
           I don't think there's -- Commonwealth
          established first degree murder in the case,
          but I do think it's second degree.  And I
          find her guilty.


The conviction order, entered April 22, 1992, and the sentencing

order, entered August 19, 1992, recited that Myers was convicted of second-degree murder, in violation of Code § 18.2-32.  The child neglect charge was dismissed.

Myers appealed her 1992 conviction, contending that the evidence failed to support a conviction for felony murder under Code § 18.2-33.  In an unpublished opinion, a panel of this Court reversed the conviction, holding that the evidence failed to support a conviction of second-degree murder.  Myers v. Commonwealth, Record No. 1780-92-1 (Va. Ct. App. July 26, 1994).  Upon rehearing en banc, we affirmed the conviction in an unpublished opinion.  Myers v. Commonwealth, Record No. 1780-92-1 (Va. Ct. App. May 16, 1995) (en banc).  We held that Myers was precluded from appellate relief, because she had failed to challenge her conviction for second-degree murder under Code § 18.2-32, the statute under which she had been charged and convicted.  See Rule 5A:12(c).  The Supreme Court denied Myers' petition for appeal from our decision.  Myers v. Commonwealth, Record No. 951094 (Va. Oct. 25, 1995).

On May 29, 1997, Myers moved the trial court to correct the conviction and sentencing orders pursuant to Code § 8.01-428(B) to reflect that she had been convicted under Code § 18.2-33, not under Code § 18.2-32.  On June 13, 1997, the trial court granted the motion and ordered:

> That Defendant's conviction order entered April 22, 1992 and sentencing order entered August 22, 1992, be, and hereby are, corrected pursuant to Va. Code § 8.01-428(B) to reflect that the Defendant STACY MYERS was

> convicted under Va. Code § 18.2-33, not Va.
> Code § 18.2-32.

From the June 13, 1997 order, Myers initiated this appeal on the erroneous assumption that the 1997 order vacated the 1992 orders and created a new final order from which her conviction could be appealed.

> Rule 1:1 provides that:
> All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer.

No action was taken to modify, vacate, or suspend the 1992 orders within the prescribed twenty-one day period following their entry. Thereafter, those orders became final and the trial court lost jurisdiction to review the conviction. See Hirschkop v. Commonwealth, 209 Va. 678, 166 S.E.2d 322 (1969); School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 379 S.E.2d 319 (1989); Davis v. Mullins, 251 Va. 141, 148-49, 466 S.E.2d 90, 94 (1996). Myers' conviction was subsequently affirmed by this Court, and the Supreme Court refused her petition for appeal. Her conviction thus became final and unassailable on direct appeal.

Although divested of jurisdiction, a "trial court has the inherent power, independent of statutory authority, to correct errors in the record so as to cause its acts and proceedings to be set forth correctly." Davis, 251 Va. at 149, 466 S.E.2d at 94

- 3 -

(citing <u>Council v. Commonwealth</u>, 198 Va. 288, 292, 94 S.E.2d 245,

248 (1956)).  In addition, Code § 8.01-428(B) provides that:

> Clerical mistakes in all judgments or other
> parts of the record and errors therein
> arising from oversight or from an inadvertent
> omission may be corrected by the court at any
> time on its own initiative or upon the motion
> of any party and after such notice, as the
> court may order.

<u>See also</u> Code § 8.01-429 (providing appellate courts

corresponding authority).

Code § 8.01-428(B) did not invest the trial court with

authority, by entry of the June 13, 1997 order, to substitute a

conviction under Code § 18.2-33 for Myers' final conviction under

Code § 18.2-32.  The trial court was not authorized to reconsider

the merits of Myers' conviction.  It was not authorized to vacate

a judgment that had become final.  It was not authorized to enter

a new judgment that was not underlain by an appropriate charge,

process, plea, or authorized manner of disposition.

The trial court purported to exercise the discretionary

power conferred upon it by Code § 8.01-428(B) to correct

"clerical mistakes arising from oversight or from an inadvertent

omission."  Thus, the 1997 order could effect only a mere

clerical "correction," amending the record to make it "speak the

truth."  <u>See</u> <u>Council</u>, 198 Va. at 292-93, 94 S.E.2d at 248.  The

post-appeal "correction" of the 1992 orders could not modify or

vacate the conviction.  Modification or vacation would have

required reacquisition by the trial court of jurisdiction over

- 4 -

the underlying subject matter -- an impermissible action barred by Rule 1:1. See Dixon v. Pugh, 244 Va. 539, 543, 423 S.E.2d 169, 171 (1992); Davis, 251 Va. at 149-50, 466 S.E.2d at 95.

This holding is consonant with the narrow construction and application afforded a trial court's power to amend and correct a record. See Council, 198 Va. at 292, 94 S.E.2d at 248; McEwen Lumber Co. v. Lipscomb Bros. Lumber Co., 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987).

> To permit a trial court, either under the statute or by its inherent power, to consider at any time what judgment it might have rendered while it still retained jurisdiction over a case and then to enter that judgment nunc pro tunc would render meaningless the mandate of Rule 1:1 and would do great harm to the certainty and stability that the finality of judgments brings.

Davis, 251 Va. at 150, 466 S.E.2d at 94.

Because the 1997 correction order could not change the specific crime of which Myers was convicted, it was a nullity. Thus, it was not an order from which an appeal to challenge her 1992 conviction may be sought anew. Consequently, we cannot decide the merits of this appeal.[1] The Commonwealth's motion is granted, and the appeal is dismissed.

Dismissed.

---

[1] Myers was sentenced to ten years imprisonment. Conviction of second-degree murder under Code § 18.2-32 carries a sentence of five to forty years. Conviction of murder under Code § 18.2-33 is punishable as a Class 3 felony, carrying a sentence of five to twenty years. Myers' sentence fell within the punishment scope of both statutes.