COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Annunziata
Argued at Salem, Virginia


DONNIE WAYNE SENSABAUGH
                                    MEMORANDUM OPINION* BY
v.          Record No. 1829-97-3    JUDGE JERE M. H. WILLIS, JR.
                                           JUNE 23, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Richard C. Pattisall, Judge

              Paul F. Fantl, Assistant Public Defender
              (Office of the Public Defender, on brief),
              for appellant.

              Ruth Ann Morken, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


        Donnie Wayne Sensabaugh contends that the evidence is

insufficient to prove that he released a substance proscribed by

Code § 18.2-312.  Because the question he presents lacks

justiciability, we dismiss the appeal.

        On September 2, 1996, Sensabaugh sprayed Beverly Ervin,

Gregory Ervin and Donna Vencill with pepper spray.  On November

4, 1996, he was indicted for three felony counts of violating

Code § 18.2-312, which proscribes the release of certain gases

under specific circumstances, and for three misdemeanor counts of

assault and battery in violation of Code § 18.2-57.  After trying

the charges without the intervention of a jury, the trial court

announced that it found Sensabaugh guilty of unlawful wounding on

_____
        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

each of the felony counts.  It dismissed the assault and battery charges.

The conviction and sentencing orders recite that Sensabaugh was convicted of unlawful wounding in violation of Code § 18.2-51.  Nothing in the record indicates that the trial court modified, vacated or suspended those orders within twenty-one days after entry, or that Sensabaugh objected to the accuracy of those orders.  See Rule 1:1.  Accordingly, we presume that the orders accurately state what transpired.  See Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986).

"Only questions presented in the petition for appeal will be noticed by the Court of Appeals."  Rule 5A:12(c).  In his petition for appeal, Sensabaugh requested that we review: "Whether the evidence was sufficient to prove Sensabaugh guilty beyond a reasonable [doubt] of unlawful release of a substance proscribed by Section 18.2-312?"

Having reviewed the record, we conclude that the question presented is moot.  "As a general rule, '[m]oot questions are not justiciable and courts do not rule on such questions to avoid issuing advisory opinions.'"  In Re Times-World Corporation, 7 Va. App. 317, 323, 373 S.E.2d 474, 477 (1988) (quoting United States v. Peters, 754 F.2d 753, 757 (7th Cir. 1985)).  See Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935).  The question and argument posed by Sensabaugh concern whether pepper spray is a gas prohibited by Code § 18.2-312.

However, this issue has no bearing on his convictions for unlawful wounding under Code § 18.2-51.  Thus, Sensabaugh has presented no issue bearing on his convictions.  Cf. Myers v. Commonwealth, 26 Va. App. 554, 496 S.E.2d 80 (1998).

Dismissed.