# CIRCUIT COURT OF THE CITY OF NORFOLK

Elton Lee

v.

Edward Harrison

September 17, 1998

Case No. (Law) L97-2446

BY JUDGE MARC JACOBSON

Counsel for Plaintiff Elton Lee seeks to vacate the Dismissed Agreed Order (Order) entered on June 26, 1998, in regard to the above captioned action, alleging that the Order was inadvertently forwarded to counsel for the Defendant Edward Harrison and that it was not intended by counsel for plaintiff that the action be dismissed. The request or motion to vacate the Order was made more than twenty-one days after its entry.

Rule 1:1 of the Rules of Virginia Supreme Court states: "All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer.*" Sup. Ct. Rule 1:1 (emphasis added). Notwithstanding this Rule, § 8.01-428(B) of the Virginia Code creates an exception for clerical mistakes, providing "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order." *See Dorn v. Dorn*, 222 Va. 288, 291, 279 S.E.2d 393, 394-95 (1981) (explaining the statutory exception for clerical errors to Rule 1:1 granted by Va. Code § 8.01-428(B)).

Counsel for Plaintiff argues that § 8.01-428(B) would apply in the case at bar in that the Dismissed Agreed Order was erroneously forwarded by counsel for the Plaintiff's secretary to counsel for the Defendant and such error or mistake qualifies as "inadvertence."

The Supreme Court of Virginia has recognized that Virginia adopts a "view that the trial court has the inherent power, independent of statutory authority, to correct errors in the record so as to cause its acts and proceedings to be set forth correctly. In short, the court has the inherent power, independent of the statute, upon any competent evidence, to make the record 'speak the truth'." *Davis v. Mullins*, 251 Va. 141, 149, 466 S.E.2d 90, 94 (1996) (referencing *Netzer v. Reynolds*, 231 Va. 444, 449, 345 S.E.2d 291, 294 (1986)). The *Davis* court further stated that "[t]o permit a trial court, either under the statute or by its inherent power, to consider at any time what judgment it might have rendered while it still retained jurisdiction over a case and then to enter that judgment *nunc pro tunc* would render meaningless the mandate of Rule 1:1 and would do great harm to the certainty and stability that the finality of judgment brings." 251 Va. at 150, 466 S.E.2d at 94.

The Court of Appeals of Virginia discussed § 8.01-428(B) in the case of *Myers v. Commonwealth*, 26 Va. App. 544, 548, 496 S.E.2d 80, 82 (1998), and concluded that the provision "was not authorized to vacate a judgment that had become final."

In light of *Myers* and *Davis*, granting Plaintiff counsel's request to vacate the Order would run contrary to the strong state policy favoring finality of judgments. Rule 1:1 effectuates that policy, and, therefore, the courts narrowly construe the exceptions presented by Code § 8.01-428. *See Lumber Co. v. Lipscomb Bros. Lumber Co.*, 234 Va. 243, 247, 360 S.E.2d 845, 848 (1987). The "truth" sought by Plaintiff's counsel in this case is not a mere correction of an "error in the record" as referred to in *Davis*, but rather vacation of a final order.

Vacation of the Dismissed Agreed Order is contrary to another judicial policy which further weakens Plaintiff's argument. The Virginia courts draw a careful distinction between the "power to amend" and the "power to create." *See Council v. Commonwealth*, 198 Va. 288, 292, 94 S.E.2d 245, 248 (1956). Plaintiff's counsel asks the Court not to amend an error within the Order, but instead to treat the Order as though it never existed, essentially "re-creating" the position of the parties prior to the Order's dispatch by Plaintiff counsel's secretary. That kind of authority, *Council* implies, falls outside the scope of the clerical mistakes exception.

It might be argued that counsel for Plaintiff does have a valid contention that the "clerical mistakes" provision extends to individuals beyond the clerk of court and the clerk's employees. The Supreme Court of Virginia identified those individuals covered by the exception in *Harris v. Commonwealth*, 222 Va. 205, 279 S.E.2d 395 (1981): "The clerical mistakes which may be corrected under the court's inherent power encompass errors made by other

officers of the court, including attorneys." *Id.* at 210, 279 S.E.2d at 398-99; *see also Lamb v. Commonwealth*, 222 Va. 161, 165, 279 S.E.2d 389, 391-91 (1981) (addressing the scope of the term "clerical" in reference to Code § 8.01-428(B) — "we do not construe the word 'clerical' as limited by the identity of the person who made the mistake."). In *Nelson v. Commonwealth*, 12 Va. App. 835, 407 S.E.2d 326 (1991), the court recognized that "[t]he Supreme Court has repeatedly held that the language of Code § 8.01-428(B) covers more than errors committed by the clerk of courts or one of his or her employees." *Id.* at 837, 407 S.E.2d at 327-28.

Specifically, *Nelson* referenced *nunc pro tunc* orders entered which corrected an attorney's failure to draft a decree on behalf of the court (*Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979)) and an error made by an attorney in preparing a stipulation agreement later incorporated into a final order (*Dorn v. Dorn*, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981)). Yet even in light of the statute's reach in terms of covered personnel, the substance of the mistake in this case distinguishes it from case law which permitted modification or amendment of a final order.

Plaintiff's counsel relies upon *Lamb, supra,* to support his argument that his secretary's mistake falls within the clerical mistakes exception. As discussed *supra,* this case did recognize that the statutory language extends to errors committed by individuals beyond the clerk of court and his employees. *See* 222 Va. at 165, 279 S.E.2d at 392. However, *Lamb* did not involve changes after entry of a final order. In *Lamb,* the Court allowed correction of an error in the transcript because it better served the administration of justice than would allowing the record to stand. But to accept Plaintiff counsel's argument that *Lamb* applies equates his mistake with a typographical error in the transcript, the "clerical mistake" corrected in *Lamb.* While Plaintiff's counsel highlights from *Lamb* "the language of § 8.01-428 evidences no such restrictive intent," the discussion actually concerns its application to criminal as well as civil proceedings, and not any expansive reading given to the meaning of the terms in the Code provision.

Plaintiff's counsel cites *Dorn, supra,* in support of his argument. In *Dorn,* the Virginia Supreme Court applied § 8.01-428(B) to modify a final order after a mistake occurred in transferring child support figures from a stipulation agreement to the final order. The Court acknowledged "the attorney's alleged drafting error in this case is an 'oversight' which can be corrected by a *nunc pro tunc* order." 222 Va. at 291, 279 S.E.2d at 394. That case may be distinguished from the present situation, in which there is no claim regarding a drafting error, but rather this claim is based entirely on the assertion that the order dismissing the case was never intended to be issued in the first place.

Plaintiff's counsel also cites *Cass v. Lassiter*, 2 Va. App. 273,.343 S.E.2d 470 (1986), to support his position. *Cass* involved a discrepancy between an amount of child support in a separation agreement and the amount which actually went into the support provisions of the final decree. There also existed some ambiguity as to how much of the support amount in the separation agreement went to the children and how much went to the wife in order to determine the child support amount after the wife remarried. Citing *Dorn*, the *Cass* court held, in order to invoke the exception for clerical mistakes, "the evidence must clearly support the conclusion that an error of oversight or inadvertence has been made." *Id.* at 277-78, 232 S.E.2d at 473.

The relief sought by counsel for the Plaintiff is not a situation where typographical errors or mistakes such as misspellings, misquotes, or similar inaccuracies exist in an order, but the fact that the Order itself was entered is the mistake Plaintiff's counsel seeks to correct or amend. "Inadvertence" under certain circumstances might cover the former, but not the latter.

The motion to vacate the Dismissed Agreed Order entered by this Court on June 26, 1998, is denied.