

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00018-CR

MABIL BUL AJAK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,234-C, Honorable Ana Estevez, Presiding

July 1, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Mabil Bul Ajak was convicted of possession of a firearm by a felon and sentenced to five years imprisonment. He contends the evidence was legally insufficient to prove he was a felon because 1) his sentence in Virginia for grand larceny was suspended and not shown to be final and 2) the fingerprint card in the Virginia pen packet containing appellant's fingerprints was not sufficiently linked to the judgment within the same pen packet. We affirm the judgment.

We review challenges to the sufficiency of the evidence under the standard discussed in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).  Next, a person commits unlawful possession of a firearm by a felon if he possesses a firearm after conviction and before the fifth anniversary of his release from confinement following conviction of the felony or his release from supervision under community supervision, parole, or mandatory supervision, whichever date is later.  TEX. PENAL CODE ANN. § 46.04(a)(1) (West 2011).

The prior felony conviction at bar arose in Virginia.  The judgment purporting to evince same named Mabil Bul Ajak as the defendant, indicated his date of birth to be January 1, 1989, and memorialized his conviction for grand larceny on January 10, 2008 in Henrico County, Virginia, in Cause No. CR07-3952-00F and his sentence of ten years imprisonment with eight years and six months suspended for twenty years.  Given the suspension of a portion of the sentence, appellant suggests that it was not final for purposes of § 46.04(a)(1) of the Penal Code.  We disagree.

Assuming *arguendo* that the judgment must be final, the law of Virginia determines whether or not it is so.  *Ramos v. State*, 351 S.W.3d 913, 915 (Tex. App.—Amarillo 2001, pet. ref'd) (holding that we use the law of the jurisdiction from which the conviction arose to determine its finality for purposes of enhancement in Texas).  Furthermore, Virginia law provides that judgments are final 21 days after their entry.  *Myers v. Commonwealth*, 26 Va. 544, 496 S.E.2d 80, 82 (1998); *D'Alessandro v. Commonwealth,* 15 Va. 163, 423 S.E.2d 199 (1992).  Because the Virginia judgment manifesting appellant's Virginia felony conviction was entered on January 22, 2008, the offense at bar occurred on November 11, 2012, and the latter date is much more than 21 days from the former, the evidence proves that the Virginia conviction was final.

Regarding the contention that the State failed to prove appellant was the same person mentioned in the Virginia judgment, we note that the State was not obligated to follow any specific mode of proving the matter. *See Flowers v. State*, 220 S.W.3d 919, 921-22 (Tex. Crim. App. 2007) (so stating). It may satisfy its obligation in any number of ways. Often the proof that is adduced to show the defendant on trial is one and the same person that is named in the prior criminal conviction "closely resembles a jigsaw puzzle" where the "pieces standing alone usually have little meaning" but when "fitted together, they usually form the picture of the person who committed" the prior conviction. *Id.* at 923*, quoting Human v. State*, 749 S.W.2d 832, 835-36 (Tex. Crim. App. 1988). The trier of fact fits the pieces together and weighs the credibility of each piece. *Id.* It "looks at the totality of the evidence admitted to determine" if there was a prior conviction and if the defendant was the person convicted. *Id.* If these two elements can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction. *Id.*

Before us, we have the Virginia pen packet containing the judgment of conviction and a fingerprint card or sheet. So too do we have expert testimony that the fingerprints on the card are appellant's. While the latter may alone be sufficient to establish the requisite identity in many cases, *Beck v.* State, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986) (stating that it has been consistently held that a prior conviction may be established by certified copies of a judgment and a sentence and authenticated copies of the Texas Department of Corrections records including fingerprints supported by expert testimony identifying them as identical with known prints of the defendant), that is not necessarily so here. Again, appellant questions the link between the fingerprints within the pen packet and the judgment also contained therein. That is, he believes

3

there is a dearth of evidence illustrating that the prints are those of the person named in the judgment. Admittedly, it is conceivable that the wrong fingerprint card could be placed in the pen packet. Mistakes do happen. So, it is logical to require the State to present evidence sufficient to so establish that they belong or reference the same person. If this was not so, then we would simply be assuming that the requisite link exists, and our jurisprudence does not allow us to use unfounded assumptions to fill factual voids when determining guilt or innocence. With this said, we again turn to the record to see what evidence, if any, links the two and discover that same rather unique name, Mabil Ajak, appears on both documents. Also appearing on each is the same date of birth. That is, the person who is the subject of the judgment and whose fingerprints appear on the card is a Mabil Ajak born on New Year's Day in 1989. We hold that these indicia constitute some evidence upon which a reasonable fact finder could conclude, beyond reasonable doubt, that the person named in the Virginia judgment was and is the same person whose prints appear on the fingerprint card. Couple that with the expert testimony identifying the prints to be those of appellant, the same fact finder had before it ample evidence to conclude, beyond reasonable doubt, that appellant was a convicted felon when he possessed the Glock handgun found adjacent to where he sat in the car.

Accordingly, we overrule appellant's issue and affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.