UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge Beales and Retired Judge Bumgardner[*]
Argued at Richmond, Virginia

YAQUB HAMEED MUWAKKIL

                                           MEMORANDUM OPINION[**] BY
v.        Record No. 0976-18-2       CHIEF JUDGE MARLA GRAFF DECKER
                                              JULY 16, 2019

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Gregory L. Rupe, Judge

Melvin L. Todd, Jr. (Todd Law P.C., on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Yaqub Hameed Muwakkil appeals his convictions, as reflected in the sentencing order in

this case, for possession of cocaine with intent to distribute and possession of heroin with intent to

distribute.  On appeal, he contends that the trial court erred by denying his motion to suppress

evidence because law enforcement lacked reasonable suspicion to stop the vehicle that he was

driving.  In addition, this Court directed the parties to address a discrepancy in the record regarding

whether the trial court convicted the appellant of two counts of possession with intent to distribute,

in violation of Code § 18.2-248, or simple possession, in violation of Code § 18.2-250.  We hold

that the evidence supports the trial court's denial of the appellant's motion to suppress, and we

affirm that ruling.  Additionally, based on the record, we hold that the sentencing order contains

---

[*] Retired Judge Bumgardner took part in the hearing and decision of this case by
designation pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

apparent errors, and pursuant to Code § 8.01-428(B), we remand to the trial court for the sole purpose of entering an order correcting the two offenses of conviction.

## I. BACKGROUND[1]

On June 8, 2017, Officers Darryl Lee and Naitraj David of the City of Richmond Police Department were working at an "off-duty assignment" to provide security at an apartment complex in the city. About two weeks earlier, both Lieutenant Flippo, also with the Richmond Police Department, and Cheyenne Williams, the property manager for the apartment complex, texted certain information to Officer Lee. They provided him with a flier depicting an individual who "was wanted" and for whom they asked Lee to be on the lookout.

On the afternoon of June 8, from a distance of "3 to 4 feet," Lee saw a man driving through the apartment complex parking lot "who [he] believed was" the "wanted" person depicted on the flier. Two women and a "small child" were also in the car with the individual. Officer Lee noticed that the child was standing "in the back seat" and clearly "not secured" in a "seat belt or car seat." The officer estimated that the child was "between seven and ten years old." Although Lee did not know whether the law required a child that age to be restrained in a special car seat, he saw that the child also was not wearing a required "seat belt."

Based on his observations, Lee initiated a traffic stop of the vehicle, and the appellant, who was the driver, "immediately pull[ed] [the car] over." Lee told the appellant that he stopped him due to "a warrant based on a flier" and "also [because] the child in the back seat [was] not secured in a car seat."

---

[1] In ruling on the propriety of a trial court's decision on a motion to suppress, the appellate court considers the evidence introduced at the suppression hearing and at trial. See, e.g., Beasley v. Commonwealth, 60 Va. App. 381, 385 n.1 (2012). The Court views that evidence in the light most favorable to the prevailing party below, in this case the Commonwealth, granting to the evidence all reasonable inferences flowing from it. E.g., id. at 385 n.1, 389.

Officer Lee testified concerning the specifics of his encounter with the appellant. The appellant cross-examined Officer Lee about his memory and various alleged inconsistencies between Lee's testimony at the preliminary hearing and the suppression hearing. In argument to the trial court, the appellant challenged whether Officer Lee had "reasonable articulable suspicion to actually pull [him] over." He referenced the collective knowledge doctrine and took issue with the information passed on to Lee. The appellant also argued that Lee did not testify in general district court that the child was "not . . . in a safety seat." Following argument, the trial court denied the motion to suppress.

At trial, the Commonwealth presented evidence concerning the stop and search, including testimony about the appellant's aggressive behavior and resistance during the course of the detention, the illegal drugs and digital scale found in the car, and the significance of his possession of those items.

Following the Commonwealth's case, the appellant opted not to present evidence, and the parties waived argument. The judge then ruled from the bench. In doing so, he stated in relevant part, "I am 85, 90 percent sure he is guilty as charged of possession with intent[,] . . . [but] I'm going to give him the benefit of the doubt and find him not guilty of possession with intent. Find him guilty of possession of both drugs." The judge also offered, "If you want to hammer out the guideline[s], I can sentence him right now." He then took a recess so that the attorneys could calculate the sentencing guidelines.

When the judge returned to the bench, the prosecutor presented him with the guidelines calculations agreed upon by counsel. After hearing argument, the judge stated: "[On the cocaine charge], having found you guilty of the lesser felony offense, I sentence you to 5 years with 3 years suspended . . . . On [the heroin charge], I sentence you to 5 years with 3 years suspended."

On May 22, 2018, the judge entered the sentencing order. It reflected the same sentences that he had pronounced from the bench on May 11, 2018. However, contrary to the oral ruling from the bench, the order listed the two offenses of conviction as possession of cocaine and possession of heroin *each with intent to distribute*, in violation of Code *§ 18.2-248*, rather than simple possession of those substances, in violation of Code § 18.2-250. The order also included language that the court "considered and reviewed the applicable discretionary sentencing guidelines and . . . guidelines worksheets," and it ordered that those materials be made a part of the record. The worksheets, signed by the judge the same day as the sentencing, in contrast to the sentencing order, state that the offenses of conviction were possession of cocaine and possession of heroin, as proscribed by Code § 18.2-250. Additionally, all relevant portions of the worksheets are consistent with the possession offenses.

Following sentencing, the appellant noted this appeal and filed a petition raising a single assignment of error challenging the constitutionality of the stop. This Court granted the petition and also directed the parties to address the inconsistency between the transcript and the sentencing order regarding the offenses of conviction. Subsequently, while this appeal was pending, without direction or authorization from this Court, the trial judge entered an order *nunc pro tunc* to the date of entry of the original sentencing order. The *nunc pro tunc* order lists the offenses of conviction as possession of cocaine and heroin, but it cites Code § 18.2-248, the possession-with-intent statute, rather than Code § 18.2-250, as well as the Virginia Crime Code reference number for the possession-with-intent offense.

## II. ANALYSIS

In this appeal, we address both the appellant's challenge to the denial of the motion to suppress and the discrepancy regarding the offenses of conviction.

- 4 -

A.  Motion to Suppress

The appellant argues that the record does not support the holding that Officer Lee had reasonable suspicion to stop his vehicle, based on either the information the officer had regarding the wanted flier or the officer's observations of the child standing up in the back seat.

The law regarding appellate review of a trial court decision on a motion to suppress is well settled.  When challenging the denial of a motion to suppress evidence, the appellant bears the burden of establishing that reversible error occurred.  Glenn v. Commonwealth, 275 Va. 123, 130 (2008).  At this juncture, the Court considers the evidence in the light most favorable to the Commonwealth and affords it the benefit of all inferences fairly deducible from that evidence.  Mason v. Commonwealth, 291 Va. 362, 367 (2016).  Moreover, our "review includes 'evidence adduced at both the trial and the suppression hearing.'"  Carlson v. Commonwealth, 69 Va. App. 749, 758 (2019) (quoting Greene v. Commonwealth, 17 Va. App. 606, 608 (1994)).

The appellate court is bound by the trial court's "findings of historical fact unless 'plainly wrong' or without evidence to support them."  McGee v. Commonwealth, 25 Va. App. 193, 198 (1997) (en banc).  "This standard requires us 'to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'"  Commonwealth v. White, 293 Va. 411, 414 (2017) (quoting Evans v. Commonwealth, 290 Va. 277, 280 (2015)).  The factual findings to which the appellate court must defer include the trial court's assessment of the credibility of the witnesses.  McCary v. Commonwealth, 36 Va. App. 27, 35 (2001).  However, we review de novo the ultimate decision whether law enforcement had reasonable suspicion or probable cause to stop the vehicle.  See Edmond v. Commonwealth, 66 Va. App. 490, 498 (2016).

Although the stop must be based on "articulable facts of criminal activity," the officer need not articulate those facts expressly or subjectively rely on them as the basis for his actions.

- 5 -

See Mason, 291 Va. at 367-68; Raab v. Commonwealth, 50 Va. App. 577, 583 n.2 (2007) (*en banc*). Rather, the record must establish the existence of objective facts proving reasonable suspicion or probable cause. Raab, 50 Va. App. at 583 n.2; see Whren v. United States, 517 U.S. 806, 812-13 (1996); Rudolph v. Commonwealth, 277 Va. 209, 210 (2009). "Also, because the constitutional standard is one of objective rather than subjective reasonableness, it is irrelevant whether the accused is prosecuted for, or even charged with, the offense that provided [reasonable suspicion or] probable cause for . . . [the] seizure in the first instance." Hairston v. Commonwealth, 67 Va. App. 552, 563 (2017).

These fundamental legal principles along with the factual backdrop frame our analysis of the trial court's ruling. The appellant argues that the officer did not have reasonable suspicion to stop the vehicle he was driving. He does not take issue with any of the subsequent actions of the officers but maintains that the illegal stop required suppression of the evidence obtained thereafter.

Reasonable suspicion must be more than an "unparticularized suspicion or 'hunch.'" Bass v. Commonwealth, 259 Va. 470, 475 (2000) (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968)). "Nevertheless, it 'requires only "some minimal level of objective justification."'" Hairston, 67 Va. App. at 561 (quoting Branham v. Commonwealth, 283 Va. 273, 280 (2012)). An officer who reasonably suspects criminal activity is permitted to briefly stop a vehicle and detain the occupants in order to confirm or dispel his suspicion that a crime is being or has been committed. Id. "The test is not what the officer thought, but rather whether the facts and circumstances apparent to him at the time of the stop were such as to create in the mind of a reasonable officer in the same position a suspicion that a violation of the law was occurring . . . ." Mason, 291 Va. at 368. "In making reasonable-suspicion determinations," we consider "the 'totality of the circumstances' . . . to [assess] whether the detaining officer ha[d] 'a particularized and objective

- 6 -

basis' for suspecting legal wrongdoing." Id. (quoting United States v. Arvizu, 534 U.S. 266, 273 (2002)).

In arguing that the stop was unlawful, the appellant challenges "the sufficiency of the claim that there was an observable child seat violation." At the time of the stop, Code § 46.2-1095(A) required, in pertinent part, that the driver of "any motor vehicle . . . shall ensure that any child, up to age eight, whom he transports therein is provided with and properly secured in a child restraint device." See 2010 Va. Acts ch. 661. Additionally, subsection (B) of the statute required that a vehicle's driver "shall ensure" that any "person less than 18 years old, except for those required [by subsection (A)] to be secured in a child restraint device, . . . is provided with and properly secured by an appropriate safety belt system." Id. Subsection (D) of the statute also expressly provided that a violation could be "charged on the uniform traffic summons form." Id.; see also McCain v. Commonwealth, 275 Va. 546, 553 (2008) (noting that an officer who sees a vehicle commit a traffic infraction has reasonable suspicion for a traffic stop).

In the instant case, the evidence, viewed under the proper standard, establishes that the child in the appellant's car was likely between seven and ten years of age. The record makes clear that the "small child" was "not secured" in a "seat belt or car seat" because Officer Lee saw her "st[anding] up in the back seat" when the car drove by him "[p]rior to the vehicle stop." Regardless of the precise age of the little girl, the law required that she *either* be in a child restraint device or wear a safety belt. When the officer saw her standing up in the back seat of the moving vehicle, it was objectively reasonable for him to believe that the appellant was violating the law, specifically either subsection (A) or (B) of Code § 46.2-1095. See McCain, 275 Va. at 553; see also Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001) (holding that

probable cause existed to arrest the defendant for a seat belt violation under state law), quoted with approval in Joyce v. Commonwealth, 56 Va. App. 646, 658 (2010).

Consequently, the evidence proves, *at the very least*, that the officer had reasonable suspicion to stop the car to determine whether to issue the appellant a traffic citation based on the fact that a small child was standing up in the back seat.[2]  Because the standard is an objective one, it is irrelevant that the officer may have had other subjective reasons for stopping the appellant.[3]  See Mason, 291 Va. at 368-69.  Here, the record entirely supports the stop.

To the extent that the appellant takes issue with portions of Officer Lee's testimony and challenges his credibility, that issue was resolved by the judge as the trier of fact.  "The credibility of the witnesses and the weight accorded the evidence are matters *solely for the fact finder* who has the opportunity to see and hear that evidence as it is presented."  Commonwealth v. Perkins, 295 Va. 323, 328 (2018) (quoting Elliott v. Commonwealth, 277 Va. 457, 462 (2009) (emphasis added)).[4]  Contrary to the appellant's suggestions, the officer's unrebutted testimony

---

[2] While the officer was faced with two different potential traffic offenses based on his uncertainty regarding the child's age, he was entitled to stop the vehicle in order to confirm her age to determine which offense to charge.  See Branham, 283 Va. at 281.

[3] In light of this ruling, we do not consider whether the evidence provided the officer with an additional independent objective ground for reasonable suspicion to support the stop based on the wanted flier information and the officer's related observations under the collective knowledge doctrine as set out in Edmond v. Commonwealth, 66 Va. App. 490, 501-03 (2016).

[4] In the argument section of his brief, the appellant contends that Officer Lee's testimony was inherently incredible as a matter of law.  First, contrary to the appellant's suggestion, testimony may contain inconsistencies or even be contradictory without rising to the level of being "inherently incredible" as a matter of law.  Juniper v. Commonwealth, 271 Va. 362, 415 (2006).  Second, the appellant did not argue below that the officer's testimony was inherently incredible.  Consequently, we will not consider that argument as an independent claim.  See, e.g., Commonwealth v. Bass, 292 Va. 19, 32-33 (2016) (noting that the defendant's identification at trial of "only a single discrepancy in the witness['] testimony" without a contention that "the testimony was unworthy of belief or that the [fact finder] should not be permitted to weigh the witness['] credibility" was insufficient to "raise the question of whether [that witness'] testimony was inherently incredible as a matter of law").

does not contain any inconsistencies. The testimony highlighted by the appellant demonstrates three things. First, the officer initially could not recall whether he testified at the preliminary hearing. Then, after an audio recording of some of his testimony was played to refresh his recollection, he confirmed that he did testify at the preliminary hearing but said that he could not recall all of his testimony with precision.[5] Second, the officer's later testimony merely amplified the testimony he provided at the preliminary hearing, a court appearance that necessarily has a very different focus than a suppression hearing or trial. Third, a full reading of the record shows that on cross-examination, Officer Lee simply further clarified his observations when questioned about them. In any event, the judge had the benefit of listening to the officer and observing him as he testified. Based on his ruling, the judge believed Officer Lee. See Logan v. Commonwealth, 279 Va. 288, 292 (2010) (holding that the trial court's factual finding that an officer did not act in bad faith was a credibility finding that was binding on appeal unless plainly wrong or without evidence to support it). We see no legal basis for disturbing that finding. See id.; McCary, 36 Va. App. at 35.

### B. Clerical Error

The final matter before the Court is whether the sentencing order contains a clerical error and, if it does, how the issue should be resolved.

"The maxim that 'trial courts speak only through their orders and that such orders are presumed to reflect accurately what transpired' is the well-established law of this Commonwealth." Rose v. Commonwealth, 265 Va. 430, 435 n.2 (2003) (quoting McMillion v.

---

[5] The appellant's counsel asked Officer Lee at the suppression hearing whether, at the preliminary hearing, "[he] ever mention[ed] to that judge or anyone else that Lieutenant Flippo gave [him] that information from the flier." Lee responded, "No, sir. I wasn't asked." The appellant 's counsel then said, "You were asked and I can play that." However, no related audio was ever played for Lee, and no evidence was introduced contradicting Lee's testimony that he "wasn't asked." Additionally, Lee subsequently clarified that he remembered some of his testimony from the preliminary hearing but "[n]ot all of it."

Dryvit Sys., Inc., 262 Va. 463, 469 (2001)). This presumption, although rebuttable, may apply even when "an order conflicts with a transcript of related proceedings." Marttila v. City of Lynchburg, 33 Va. App. 592, 598 (2000); see Kern v. Commonwealth, 2 Va. App. 84, 88 (1986) (quoting Stamper v. Commonwealth, 220 Va. 260, 280-81 (1979)).

However, appellate courts "are not restricted to the precise, technical wording of a court's order when other evidence in the record clearly establishes that the court had a different intent." McBride v. Commonwealth, 24 Va. App. 30, 36 (1997). Where "the record unquestionably refutes the order's recital," the order is not binding. Jones v. Commonwealth, 24 Va. App. 636, 640 (1997); see Simmons v. Commonwealth, 54 Va. App. 594, 599 (2009).

Code § 8.01-428(B) delineates circumstances under which a trial court may correct clerical errors in the record, with or without leave of an appellate court, depending on the circumstances. See also Minor v. Commonwealth, 66 Va. App. 728, 741 (2016) ("[A] trial court has 'the inherent power, independent of statutory authority, to correct errors in the record so as to cause its acts and proceedings to be set forth correctly.'" (quoting Davis v. Mullins, 251 Va. 141, 149 (1996))).

On the unquestionably unique facts of this case, conflicting information in the record rebuts the presumption of regularity of the court's order. In keeping with controlling authority, "[t]his is not a case" in which the written order merely "changed or negated the oral ruling." Guba v. Commonwealth, 9 Va. App. 114, 118 (1989); see Marttila, 33 Va. App. at 598. Rather, in addition to the conflict between the trial court's oral ruling and sentencing order, the written manuscript record itself contains internal inconsistencies. The sentencing order references the guidelines worksheets, and the order and worksheets are internally inconsistent. The court's May 22, 2018 order states that the appellant was convicted of possession of cocaine and heroin with intent to distribute in violation of Code § 18.2-248. That very same order expressly

references "the applicable discretionary sentencing . . . guidelines worksheets" and "order[s] [them] filed as a part of the record." The worksheets, signed by the trial judge, reflect that the appellant was convicted of possession of cocaine and possession of heroin in violation of Code § 18.2-250, *not* two counts of possessing those drugs with an intent to distribute them.[6] The accompanying Virginia Crime Code (VCC) reference numbers in the worksheets also reflect convictions for simple possession. While certainly not dispositive, the VCC references serve as additional evidence supporting a finding of inconsistency between the worksheets and the sentencing order.

Thus, the sentencing order and the guidelines worksheets it references, both of which were signed by the trial judge and comprise parts of the official manuscript record, stand in irreconcilable conflict. Additionally, the worksheets are dated May 11, 2018, the same date as the sentencing hearing, whereas the sentencing order is dated May 22, 2018, eleven days later. Due to the conflict between these documents in the manuscript record, the Court looks to the transcript, which further suggests that the sentencing order contains a clerical error regarding each of the crimes of conviction. At trial the judge clearly pronounced the appellant guilty of the two possession offenses. Finally, although it is a legal nullity since the case was pending in this Court and leave was not requested pursuant to Code § 8.01-428(B) to have it entered, the trial court entered an order *nunc pro tunc* to the date of entry of the original sentencing order, adding further confusion. Although the *nunc pro tunc* order lists the offenses of conviction as possession of cocaine and heroin, it cites Code § 18.2-248, the statute that proscribes possession with intent to distribute, as well as the VCC reference number for the possession-with-intent offense.

---

[6] The sentences pronounced—five years with three years suspended for each offense—do not provide clarification because they fall within the statutory range for violations of both Code §§ 18.2-248 and -250. See Code §§ 18.2-10(e), -248(C), -250(A)(a).

Accordingly, based on this record, pursuant to Code § 8.01-428(B), the Court remands the case to the trial court for the sole purpose of correcting all clerical errors in the May 22, 2018 sentencing order relating to the offenses of conviction. See Howell v. Commonwealth, 274 Va. 737, 739 n.*, 742 (2007); Atkins v. Commonwealth, 68 Va. App. 1, 10 (2017); Tatum v. Commonwealth, 17 Va. App. 585, 592-93 (1994); see also Lamb v. Commonwealth, 222 Va. 161, 164-66 (1981) (remanding for correction of a trial transcript under the clerical error statute).

## III. CONCLUSION

We hold that the trial court correctly denied the motion to suppress the evidence because the officer had reasonable suspicion to stop the vehicle driven by the appellant based on seeing a child standing up in the back seat. Consequently, we affirm the convictions. Further, we remand the matter to the trial court for the sole purpose of correcting clerical errors in the May 22, 2018 sentencing order in a manner consistent with this opinion.

Affirmed and remanded.