**Salem**

MICHAEL E. NELSON, s/k/a

MICHAEL EVAN NELSON

v.

COMMONWEALTH OF VIRGINIA

No. 1391-89-3

Decided July 1, 1991

COUNSEL

Raymond F. Leven, Public Defender for the City of Roanoke, for appellant.

John H. McLees, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General; Virginia Theisen, Assistant Attorney General, on brief), for appellee.

OPINION

KEENAN, J.—Michael Nelson appeals the sentence imposed by the trial court pursuant to his plea of guilty to one count of possession of cocaine with the intent to distribute. The sole issue he raises on appeal is whether the trial court erred in modifying his sentence in a second hearing which took place fifteen minutes after the initial sentencing hearing ended. Because we find no error in the actions of the trial court, we affirm Nelson's conviction.

Nelson entered a plea of guilty[1] on June 30, 1989, and the case was continued to August 8, 1989 for sentencing. At that time, the trial court sentenced Nelson to fifteen years in the penitentiary, to be suspended after Nelson had served two years.

Approximately fifteen minutes later, the trial judge recalled Nelson, his attorney and the attorney for the Commonwealth. The trial judge stated that after speaking with the court clerk, she realized she may have misspoken in pronouncing sentence. The trial judge then stated that it was her intention to sentence Nelson to fifteen years in the penitentiary, to be suspended after Nelson served ten years, not two years; the court modified Nelson's sentence accordingly.

Nelson then filed a motion to modify the final judgment, and a hearing was held on September 6, 1989. At that time, the trial judge modified Nelson's sentence to fifteen years, to be suspended after Nelson served seven years. This appeal followed.

Nelson argues that the trial court did not have the authority to modify his sentence *sua sponte* after the conclusion of the sentenc-

---

[1] Nelson's plea of guilty was entered pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). Our decision in this case is not dependent on that fact.

ing hearing, and that this action violated his due process rights and twice placed him in jeopardy. Although Nelson concedes that Code § 8.01-428(B) gives the trial court the authority to correct clerical errors *sua sponte* at any time, he argues that the trial court's action was not the mere correction of a clerical error but a modification affecting his substantive rights.

The Commonwealth argues that the trial court had the inherent authority to modify Nelson's sentence after realizing that a mistake had occurred, and that the court's action was consistent with Code § 8.01-428(B). In addition, the Commonwealth contends that the fifteen-minute interval between the first sentencing hearing and the trial court's subsequent modification did not violate Nelson's due process rights, nor did it subject him to double jeopardy. We agree.

Code § 8.01-428(B) provides in pertinent part:

Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

The Supreme Court has repeatedly held that the language of Code § 8.01-428(B) covers more than errors committed by the clerk of courts or one of his or her employees. The court has upheld the trial court's authority to correct an inadvertent clerical error made in a transcript by a court reporter. *Lamb v. Commonwealth*, 222 Va. 161, 165, 279 S.E.2d 389, 392 (1981). In addition, the court has found that Code § 8.01-428(B) gives the trial court the authority to enter a *nunc pro tunc* order remedying counsel's failure to prepare an order for entry by the court, *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 53 (1979), and to correct a drafting error made by counsel in a stipulation agreement which was incorporated into a final decree, *Dorn v. Dorn*, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981). In *Dorn*, the Supreme Court specifically found that the drafting error was an oversight which could be corrected by a *nunc pro tunc* order since the record clearly supported the conclusion that an error covered by Code § 8.01-428(B) had been made. *Id.* at 292, 279 S.E.2d at 395.

In the case before us, prior to sentencing Nelson, the trial judge stated: "[B]ecause this is a serious offense, I cannot grant you probation nor can I grant you a lenient sentence." The trial judge then sentenced Nelson to fifteen years and stated that it was to be suspended after Nelson served two years. Approximately fifteen minutes later, the trial judge reconvened court. The judge stated that, after speaking with the clerk, she realized that she might have misspoken in pronouncing sentence. The trial judge explained that she had intended to suspend Nelson's sentence after he served ten years and reiterated that she considered the offense a very serious one warranting a sentence of that magnitude.

■ Based on this record, we find that the trial judge's misstatement regarding the length of time Nelson was ordered to serve in the penitentiary was an error covered by Code § 8.01-428(B). The record clearly supports a finding that the trial court did not intend to impose a lenient sentence and that, at the time of imposing sentence, she actually believed she had ordered Nelson to serve ten years. We find that her statement that the sentence was to be suspended after Nelson served two years was an oversight much the same as the drafting error in *Dorn*. Consequently, we hold that the trial judge had the authority to correct her misstatement and resentence Nelson in accordance with her original intention.

■ We further find no merit in Nelson's constitutional arguments. With respect to the double jeopardy argument, the Fourth Circuit has stated that "pronouncement of a sentence does not possess the finality of a verdict of acquittal for double jeopardy purposes and that imposition of a particular sentence is not equivalent to a judgment of acquittal as to all greater sentences." *United States v. Lundien*, 769 F.2d 981, 985 (4th Cir. 1985), *cert. denied*, 474 U.S. 1064 (1986) (citing *United States v. DiFrancesco*, 449 U.S. 117, 133-36 (1980)).

In *Lundien*, the trial court initially sentenced the defendant to ten years on each of two charges and ordered the sentences to run consecutively. After defense counsel apprised the court that the plea agreement entered into by the defendant and the Commonwealth provided that the sentences run concurrently, the trial court modified its ruling and ordered the sentences to run concurrently. Five days later, the trial court heard a motion by the attorney for the Commonwealth to clarify the sentence. Pursuant to that motion, the trial court resentenced the defendant to serve

twenty years on each charge, to run concurrently. The trial court stated that it had been the original intention of the court that the defendant serve a total of twenty years on the two charges. The Fourth Circuit rejected the defendant's double jeopardy claim, holding that because the defendant had only served five days of his sentence before the resentencing, he had not fully suffered a lawful punishment for his crimes and, thus, the enhanced sentence did not subject him to multiple punishments for the same crime. *Id.* at 985.

In the case before us, Nelson's sentence was modified by the trial court within fifteen minutes of the initial sentencing. Although he had been incarcerated prior to the sentencing hearing, and therefore had served several months of his sentence, he had not, at the time of resentencing, fulfilled the terms of the initial sentence imposed by the court. Based on this record, we are persuaded that the trial court's actions were consistent with the holdings in *Lundien* and *DiFrancesco*. Accordingly, we find that the trial court's actions did not violate Nelson's constitutional protection against double jeopardy.

In addition, we are not persuaded that the resentencing was a violation of Nelson's right to due process.

> Although the parameters of due process to be accorded at sentencing are not firmly fixed, it is beyond doubt that a sentence enhanced, whether before or after commencement of service, because of the vindictiveness or other plainly improper motive of the trial court would be fundamentally unfair and would deny defendant due process. More important . . . due process may also be denied when a sentence is enhanced after the defendant has served so much of his sentence that his expectations as to its finality have crystallized and it would be fundamentally unfair to defeat them.

*Lundien,* 769 F.2d at 986-87. In the case before us, there is no evidence that the trial court increased Nelson's sentence as a result of vindictiveness or some other improper motive. To the contrary, the trial court went so far as to reduce the modified sentence pursuant to Nelson's motion for reconsideration to compensate him for any anguish he may have suffered as a result of the change in his sentence. Furthermore, we are not persuaded that in the fifteen minutes between the initial sentencing and the

resentencing, Nelson's expectations as to the finality of his sentence had so crystallized that it was fundamentally unfair to defeat them. We, therefore, reject Nelson's argument that he was denied due process as a result of the resentencing.

For the reasons stated, we find no error in the trial court's action modifying Nelson's sentence, and we affirm its decision.

*Affirmed.*

Coleman, J., and Moon, J., concurred.