COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia


NEAL JOSEPH JACKSON

v.          Record No. 0514-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                       APRIL 9, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                        Russell I. Townsend, Judge


        Hugh E. Black, III (John W. Brown, P.C., on
        brief), for appellant.

        Richard H. Rizk, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



        Appellant, Neal J. Jackson, pled guilty to one count of

grand larceny, three counts of abduction, two counts of using a

firearm in the commission of a felony, two counts of robbery, and

one count of breaking and entering with intent to rob.  The court

accepted Jackson's pleas and found him guilty.  Sentencing

guidelines, prepared in anticipation of the sentencing hearing,

set the range of punishment at thirty-two years and three months

to life, with a mid-point of fifty-one years and three months.

The Commonwealth requested a life sentence.

        The court sentenced Jackson to twenty years suspended on the

grand larceny, ten years suspended on each of the three

abductions, and five years, active mandatorily, on each of the

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

two firearms convictions. The court then turned to the sentences to be imposed for the two robbery convictions and the conviction for breaking and entering with the intent to rob. Believing that each of the remaining sentences carried a maximum of life imprisonment, the court stated that, based on Jackson's prior record, a life sentence might be appropriate. However, it chose not to impose the maximum allowable sentence, stating it would impose active time on one of the robbery charges and suspend "a lot" of the other time. The court sentenced Jackson to fifty years suspended on each of the robbery convictions. Immediately thereafter, the court realized that the breaking and entering with intent to rob conviction carried a twenty year rather than a life sentence. The court noted its mistake and its intention to impose a fifty year active sentence and amended the sentence for the second robbery conviction to fifty years active. The court then sentenced Jackson to twenty years suspended on the breaking and entering with intent to rob conviction.

On appeal, Jackson contends (1) the court's modification of the sentence on the second robbery conviction violated his due process rights and twice placed him in jeopardy; and (2) the court had no authority to modify the sentence. We disagree and affirm Jackson's conviction.

I

"[P]rouncement of a sentence does not possess the finality of a verdict of acquittal for double jeopardy purposes and . . .

imposition of a particular sentence is not equivalent to a judgment of acquittal as to all greater sentences." Nelson v. Commonwealth, 12 Va. App. 835, 838, 407 S.E.2d 326, 328 (1991) (quoting United States v. Lundien, 769 F.2d 981, 985 (4th Cir. 1985), cert. denied, 474 U.S. 1064 (1986)); United States v. DiFrancesco, 449 U.S. 117, 133-36 (1980). A defendant is not subjected to multiple punishment by a sentence enhanced within seconds of the initial sentencing. See Nelson, 12 Va. App. at 839, 407 S.E.2d at 328-29 (sentence enhanced fifteen minutes after initial sentencing does not violate double jeopardy protections); Lundien, 769 F.2d at 985 (sentence enhanced after defendant had served five days of sentence does not violate double jeopardy protections). Accordingly, Jackson's contention that the trial court's sentence modification violated his protections against double jeopardy is without merit.

A defendant's due process rights are denied when a sentence is enhanced "because of the vindictiveness or other plainly improper motive of the trial court." Nelson, 12 Va. App. at 839, 407 S.E.2d at 329 (quoting Lundien, 769 F.2d at 986-87). Likewise, a sentence enhanced after a defendant had served so much of it that his "expectations as to its finality ha[d] crystallized" may also deny a defendant due process. Id. The record here shows the court intended throughout the sentencing hearing to impose the sentence it ultimately set. Nothing suggests the court acted vindictively or with an otherwise

improper motive. Moreover, when the court corrected itself seconds after its initial mistake, Jackson clearly had served none of his sentence. His claim that he already had formed a "crystallized expectation" of the sentence's finality by the time the court modified it is without merit, particularly in light of the law that "[a] court of record speaks only through its written orders." E.g., Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 235 n.*, 445 S.E.2d 116, 117 n.* (1994) (citations omitted); Guba v. Commonwealth, 9 Va. App. 114, 118, 383 S.E.2d 764, 767 (1989). Accordingly, we find the court's modification of his sentence given the facts of this case did not deny Jackson due process.

II

Since a court of record speaks only through its written orders, id., the trial court's oral pronouncement of sentence did not bind it to the procedures it would have had to follow to modify a written order. Cf. Code § 8.01-428(b) (addressing correction of clerical errors); Rule 1:1 (allowing court to modify final judgments within twenty-one days of entry). Accordingly, Jackson's contention that the court did not have authority to correct its oral mistake is without merit, and his conviction is affirmed.

Affirmed.