COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Benton and Bray
Argued at Richmond, Virginia

THERESA P. TAYLOR

MEMORANDUM OPINION[*] BY
v.  Record No. 2694-96-2          JUDGE JAMES W. BENTON, JR.
                                       JUNE 3, 1997
JAMES L. TAYLOR


        FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                W. Park Lemmond, Jr., Judge

        J. Larry Palmer (Thomas L. Gordon; Palmer &
        Eakin; Gordon, Dodson & Gordon, on briefs),
        for appellant.

        Lawrence D. Diehl for appellee.


     Theresa P. Taylor appeals from an amended divorce decree, entered September 12, 1996, nunc pro tunc to February 28, 1995. She contends that the trial judge was barred by Rule 1:1 from amending the decree to address a substantive contested issue because more than twenty-one days had elapsed from entry of the final decree.  For the reasons that follow, we affirm the decree.

                              I.

     In this divorce proceeding, the parties requested the trial judge to order an equitable distribution of their property.  The evidence proved that following the submission of evidence, the trial judge issued a letter opinion.  The findings in that letter opinion pertinent to this appeal concerned the second deed of trust.  The trial judge found as follows:

        [T]he evidence revealed that the husband[,
        James L. Taylor,] has continued to pay the

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

first deed of trust on the marital home and that the wife has continued to pay the second deed of trust, which represented a loan taken out for repayment of overextended credit card accounts. The wife did all of the purchasing with the credit cards; however, the evidence was not controverted that these expenditures were for the general benefit of the family.

\* \* \* \* \* \* \*

With regard to marital debt, the Court orders that the husband pay one-half of the amount due on the second deed of trust each month until paid in full commencing with the payment due in December, 1994. The basis of this ruling is that while the wife made all the charges to the charge cards for which the second deed of trust proceeds were used, the purchases were for general family purposes and not strictly for the wife's purposes.

The trial judge entered a final divorce decree on February 28, 1995, terminating the marriage of Theresa and James Taylor and ordering a distribution of their property. Consistent with the findings in the opinion letter, the decree contained the following provisions concerning the marital residence.

1. The marital home be sold and after the husband's separate share is paid from the net proceeds ($4,798.10), the balance is to be divided equally, or

2. The husband may elect to purchase the wife's equity (one-half $7,504.71) in exchange for the transfer of all her interests, rights, and title to the marital home to the husband.

The decree further ordered that "[w]ith regard to [the] marital debt, the Court orders that the husband pay one-half of the amount due on the second deed of trust each month until paid in full commencing with the payment due in December, 1994."

- 2 -

The husband later decided to purchase the wife's interest in the real property. The wife tendered a deed of assumption to the husband conveying her interest in the real property. However, the wife contended that she no longer had to pay half of the second deed of trust. Disagreeing with the wife's interpretation of the final decree, the husband demanded that the wife pay half of the deed of trust note and filed a motion to clarify the decree.

Following the filing of pleadings and arguments of counsel, the trial judge reviewed the record and issued a letter opinion in which he stated the following:

> The error or oversight was that the Court did not specify in [its] opinion letter of November 4, 1994, nor the final decree, who was to pay the other half of the deed of trust note. It is unchallenged that the only persons obligated on this note were this husband and wife. The language of the opinion letter certainly gave the rationale as to why the husband was being made to pay one-half of the charges made almost solely by the wife. The letter inadvertently omitted the [obvious]: wife was to pay the other half. The Court feels there could be no other inference.

On September 12, 1996, the trial judge entered an amended final decree nunc pro tunc to February 28, 1995 ordering the wife to pay one half of the second deed of trust note.

## II.

"All final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of

- 3 -

entry, and no longer." Rule 1:1. However, Code § 8.01-428(B) provides as follows:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

"Code § 8.01-428(B) covers more than errors committed by the clerk of courts or one of his or her employees." Nelson v. Commonwealth, 12 Va. App. 835, 837, 407 S.E.2d 326, 328 (1991). It also authorizes a trial judge to correct the judge's own errors and omissions. See id. at 837-38, 407 S.E.2d at 328; see also Dorn v. Dorn, 222 Va. 288, 291, 279 S.E.2d 393, 394 (1981). However, in making corrections, the trial judge must be guided by the following rule:

> An order entered nunc pro tunc cannot create a fiction that an act not yet performed has already occurred. Rather, the power of the trial court to amend by nunc pro tunc order is restricted to placing upon the record evidence of judicial action which has already been taken, but was earlier omitted or misstated in the record.

Holley v. City of Newport News, 6 Va. App. 567, 568, 370 S.E.2d 320, 321 (1988) (citation omitted).

The evidence proved that the original letter opinion and final decree expressly directed the husband to pay one half of the second deed of trust. Although the decree did not state who was to pay the other half, implicit in the final decree is the conclusion that the remaining half was the wife's responsibility.

- 4 -

Indeed, when the trial judge ordered the husband to pay one half of the second deed of trust, that decision was made in light of the uncontested fact that the wife had continuously and solely paid the full monthly payment on the second deed of trust. The decree merely required the husband to pay a portion of the payment that the wife was making; it did not relieve the wife of the obligation to continue paying the remaining one half. We hold that the amended final decree clarified a decision already made but not clearly expressed -- that the wife remained responsible for payment of one half of the second deed of trust.

The wife contends that because the equity of the property was reduced by the amount of the outstanding deeds of trust, she now is being required to make double payments. Rule 5A:18 bars our consideration of this claim. The wife, who was originally paying the full amount of the second deed of trust, did not raise this objection upon the entry of the original final decree. That decree clearly did not order the husband to assume full responsibility for the second deed of trust in the event he exercised his right to purchase the property. Furthermore, no evidence in the record suggests any error or oversight in that ruling. Any inequity, if any, in the division of the marital property and debts was apparent under the terms of the decree as originally entered and should have been objected to in a timely fashion. See Rule 5A:18 ("no ruling of the trial court . . . will be considered as a basis for reversal unless the objection

was stated together with the grounds therefor at the time of the ruling").

Accordingly, we affirm the decision.

Affirmed.
