COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


DAVID COLEMAN

                                        MEMORANDUM OPINION* BY
v.    Record No. 1441-99-3             JUDGE SAM W. COLEMAN III
                                            APRIL 25, 2000

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. BRENDA HUTCHERSON


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                   William N. Alexander, Judge

            David Coleman, pro se.

            Ellen L. Reynolds, Special Counsel (Alice G.
            Burlinson, Regional Special Counsel; Mark L.
            Earley, Attorney General; Ashley L. Taylor,
            Jr., Deputy Attorney General; Robert B.
            Cousins, Jr., Senior Assistant Attorney
            General; Craig M. Burshem, Regional Special
            Counsel, on brief), for appellee.


     David Coleman appeals the circuit court order modifying his

child support obligation and ordering him to pay an arrearage of

$1,094.70 and interest as of April 30, 1999.  On appeal, Coleman

argues that the trial court erred in ordering that he pay the

arrearage because the record does not contain any evidence to

support a finding that such an arrearage was owed.  At oral

argument, counsel for the Department of Social Services (DSS)

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

conceded that the record contains no pleadings or evidence to support the provision in the trial court's order of May 24, 1999, or the <u>nunc</u> <u>pro</u> <u>tunc</u> order of August 10, 1999,[1] setting a child support arrearage of $1,094.70. Accordingly, we reverse the trial court as to the award of arrearage and remand the matter to the trial court with directions to vacate that provision of the court's prior orders without prejudice to Brenda Hutcherson or DSS as to any claims of arrearage.

Coleman further argued that the trial court erred by vacating the May 24, 1999 order and entering an order <u>nunc</u> <u>pro</u> <u>tunc</u> after twenty-one days. Coleman argued that, because the court could not enter an order after twenty-one days, the juvenile and domestic relations district court order setting child support at $298.58 per month would be the final controlling support order. However, because that order was appealed to the circuit court and was a nullity, the last effective order, if Coleman's argument had merit, would have been the prior child support order of $355 per month. In addition, a <u>nunc</u> <u>pro</u> <u>tunc</u> order correcting a clerical error can be entered after twenty-one days from entry of the final order without violating Rule 1:1. A trial court may enter an order <u>nunc</u> <u>pro</u> <u>tunc</u> to reflect judicial action that was, in

---

[1] The <u>nunc</u> <u>pro</u> <u>tunc</u> order is part of the appendix and was referenced in the briefs and at oral argument by both parties but was not sent to this Court as a part of the trial court record.

fact, taken or to correct defects or omissions in the record so as to make the record conform to actual prior events. See Code § 8.01-428(B). Code § 8.01-428(B) authorizes a trial judge to correct the judge's own errors and omissions. See Nelson v. Commonwealth, 12 Va. App. 835, 837-38, 407 S.E.2d 326, 327-28 (1991); see also Dorn v. Dorn, 222 Va. 288, 291, 279 S.E.2d 393, 394-95 (1981).

The trial court did not err in entering the order nunc pro tunc to correct the clerical error reflected in the amount of the support obligation. At oral argument, appellant requested and acquiesced in the trial court's determination of child support in the amount of $337.05 effective August 18, 1998.

Accordingly, we reverse the trial court's award of child support arrearage and remand with directions to the trial court to vacate that award, without prejudice, and we affirm the trial court's child support modification.

Reversed and remanded, in part, and affirmed, in part.
