COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Humphreys
Argued by teleconference


THOMAS C. HILLEARY
                                        MEMORANDUM OPINION* BY
v.    Record No. 0423-02-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           MARCH 18, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

         Janell M. Wolfe for appellant.

         Robert H. Anderson, III, Senior Assistant
         Attorney General (Jerry W. Kilgore, Attorney
         General, on brief), for appellee.


     Thomas C. Hilleary (appellant) contends that the trial court

erred by modifying its original sentencing order to comport with

his plea agreement.  Finding no error, we affirm.

     Appellant was indicted in the trial court for three separate

offenses: (1) habitual petit larceny (CR01-682), (2) assault and

battery (CR99-1420), and (3) habitual petit larceny (CR99-1418).

On July 10, 2001 the trial court[1] in a bench trial convicted

appellant of the first two charges (CR01-682 and CR99-1420).  On

September 11, 2001, appellant pled guilty to the remaining

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] The Honorable Joanne F. Alper presiding.

habitual petit larceny charge (CR99-1418)[2] pursuant to a plea agreement, which expressly provided that appellant's sentence on that offense would not exceed and would be served concurrently with his sentences in CR01-682 and CR99-1420.

Appellant appeared before the trial court on October 12, 2001 for sentencing on all three charges.[3] At that time, appellant advised the trial court that he was to be sentenced for both the bench trial convictions and on the plea. Appellant asked that he be placed on active probation with drug treatment. The Commonwealth asked the trial court to impose three years on each charge and to run the sentences concurrently. The trial court initially imposed a sentence of 12 months in jail on CR01-682, 12 months in jail on CR99-1420 and five years in the penitentiary with one year suspended on CR99-1418. The trial court also ordered that all three sentences were to run concurrently. No order of sentence was entered after the October 12, 2001 hearing.

Appellant requested the trial court to reconsider the sentence because it did not conform with his plea agreement. The

---

[2] The Honorable Benjamin N. A. Kendrick presiding.

[3] Appellant contends on appeal that it was improper for a judge other than Judge Alper, who conducted the bench trial, to impose sentence on charges CR01-682 and CR99-1420. However, appellant failed to raise any objection at the time of the sentencing hearing and that argument is therefore barred by Rule 5A:18. Appellant further contends that the trial court erred in failing to conduct further inquiries about the plea agreement. The record shows that appellant made no request for the trial court to do so nor made any objection at the time, thus Rule 5A:18 bars this argument as well.

-

trial court conducted a second sentencing hearing on December 14, 2001 to address the discrepancy with the plea agreement.  The trial court agreed that "the sentence does not match the plea agreement" and attributed the discrepancy to a "scrivener's error."  "Clearly . . . I do not think this man should get out of jail in 12 months."  The trial court then modified the sentence in CR01-682 "to reflect a sentence of five years with one year suspended.  That makes the two habitual petit larcenies the same."  When appellant objected that the sentence in CR01-682 was not before the court, the trial court noted that it still had jurisdiction to modify the sentence and that "[appellant] is getting the sentence I intended to impose."  Appellant contends the trial court's action in modifying the sentence in CR01-682 was error.  We disagree.

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, . . . may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

Code § 19.2-303.  In addition to the requirement that the defendant still be in jail, any modifications of a sentence must be made within 21 days of entry of the final sentencing order.  Rule 1:1.  See also Robertson v. Sup. Of the Wise Corr. Unit, 248 Va. 232, 445 S.E.2d 116 (1994); In re:  Dept. of Corrections, 222 Va. 454, 281 S.E.2d 857 (1981).  Here,

-

appellant remained in the Arlington County Jail on December 14, 2001.  More importantly, the 21 days had not run because no sentencing order was entered after the October 12, 2001 hearing.[4] Thus, Rule 1:1 is not implicated in the instant case. Furthermore, "[t]he record clearly supports a finding that the trial court did not intend to impose a lenient sentence and that, at the time of imposing sentence," the trial court did "not think [appellant] should get out of jail in 12 months." Nelson v. Commonwealth, 12 Va. App. 835, 837, 407 S.E.2d 326, 328 (1991).

At appellant's request and prior to entry of any sentencing order, the trial court reviewed the sentence imposed in the cases referenced in the plea agreement to make it comport with the plea agreement.  The trial court stated "I think he ought to get four years" and modified the sentence in CR01-682 to conform to both the plea agreement and the trial court's sentencing intent.  There was no agreement regarding the length of sentence in CR99-1420 or CR01-682, only that the sentence in CR99-1418 must be served concurrently with and not be in excess of the sentences imposed in CR99-1420 or CR01-682, Judge Alper's cases. The plea agreement provided:

> There is no agreement about what sentence I
> will receive and I understand that both my
> attorney and the Commonwealth are free to
> argue their views at the time of my

---

[4] The record shows that no order of sentence was entered until February 15, 2002.

sentencing and to make recommendations to the judge.  However, the sentence shall be concurrent with and not in excess of sentences rendered in matters CR01-682 (habitual petit larceny) and CR99-422 [sic] (assault and battery).

The sentence imposed at the final sentencing hearing meets these requirements.  Accordingly, we affirm.

<u>Affirmed.</u>