UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:    Judges Petty, Huff and Senior Judge Frank
Argued by teleconference


WILLIAM HENRY THOMPSON

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1567-19-1                      JUDGE ROBERT P. FRANK
                                                    NOVEMBER 4, 2020
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                     Frederick B. Lowe, Judge Designate

            (William Henry Thompson, on brief), *pro se*.  Appellant submitting
            on brief.

            Leanna C. Minix, Assistant Attorney General (Mark R. Herring,
            Attorney General, on brief), for appellee.


        William Henry Thompson, appellant, was convicted by the Circuit Court of the City of

Chesapeake, pursuant to a plea agreement, of indecent liberties with a minor under fifteen, in

violation of Code § 18.2-370(A), possession of child pornography, first offense, in violation of

Code § 18.2-374.1:1(A), and one count of proposing a sex act through a communications device, in

violation of Code § 18.2-374.3.  On appeal, appellant argues that the trial court did not have

jurisdiction to increase his sentence and, in doing so, violated the Constitution's Double Jeopardy

Clause.  For the following reasons, we affirm.

                                    BACKGROUND

        On January 23, 2017, appellant pled guilty to one count of indecent liberties (the -00

conviction), a Class 5 felony, which carries a prison term of one to ten years' imprisonment (or

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

jail time and/or a fine) and to one count of possession of child pornography, a Class 6 felony (the -01 conviction), which carries a prison term of one to five years' imprisonment (or jail time and/or a fine). Appellant also pled guilty to another felony not relevant to this appeal. Appellant was sentenced on June 26, 2017 to ten years with eight years suspended on each conviction. Following sentencing, there were numerous hearings and orders attempting to correct the sentencing error on the child pornography conviction.

In July 2017, appellant moved the trial court to amend the sentencing order, arguing that appellant had been given a sentence contrary to law because the child pornography sentence exceeded the statutory maximum. On August 10, 2017, the trial court entered a modification order, which mistakenly modified the indecent liberties conviction to five years with four years suspended, rather than the child pornography conviction. The August 10, 2017 modification order did not address the child pornography sentencing error.

On September 25, 2017, the court recognized its clerical error in modifying the indecent liberties sentence. The court reduced the child pornography sentence to five years, with four years suspended. The trial court attempted to fix its earlier error reducing the indecent liberties sentence. However, instead of ordering the prior ten-year sentence with eight years suspended, the court erroneously ordered a ten-year sentence with nine years suspended for the indecent liberties charge.

On January 16, 2019, the court, *sua sponte*, discovered the September 25, 2017 order suspended nine years of the ten-year sentence, instead of the eight-year suspension initially imposed. By its order entered January 23, 2019, the court sentenced appellant on the indecent liberties conviction to ten years with eight years suspended, the original sentence for that conviction.

Another hearing was conducted on August 23, 2019 and summarized the various sentencing errors. At that hearing, appellant in his proper person contended that the court had lost jurisdiction to increase his sentence. The court responded that the amended orders do not impose any more

- 2 -

active time than appellant originally received and confirmed with counsel that appellant originally was sentenced to six years of active incarceration, and now was only sentenced to five years after the correction of the child pornography sentence. This appeal follows.

ANALYSIS

In the first and second assignments of error, appellant attacks the September 25, 2017 correction order, which was entered to correct the August 10, 2017 order that mistakenly referenced the -00 conviction. In the third and fourth assignments of error, appellant attacks the January 23, 2019 order, which corrected the September 25, 2017 correction order, contending the trial court lost jurisdiction because more than twenty-one days had elapsed since the final order. He also maintains his double jeopardy rights were violated because the court had no jurisdiction to enter the September 25, 2017 and January 23, 2019 orders.[1]

Essentially, appellant's entire argument is premised on Rule 1:1, which ends the trial court's jurisdiction twenty-one days after entry of the final order. We must decide whether Rule 1:1 applies or Code § 8.01-428(B) applies.[2] We must further address whether the August 10, 2017 and

---

[1] The Commonwealth argues that appellant failed to timely file a notice of appeal from the September 25, 2017 order or the January 23, 2019 order and the Court should dismiss his appeal. At the August 23, 2019 hearing appellant moved the trial court to amend his sentence, arguing that the court "is stuck with his sentence being 5, 4; 5, 4; 10, 8." The trial court orally denied the motion at the August 23, 2019 hearing and entered a written order denying the motion on October 5, 2019. Appellant timely filed his notice of appeal from that decision on September 20, 2019. See Rule 5A:6(a). Thus, the Court will address appellant's arguments on the merits.

[2] Code § 8.01-428(B) provides:

> Clerical mistakes. — Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

September 25, 2017 modification orders contained clerical mistakes or were otherwise the result of errors arising from oversight or from inadvertent omissions.

The original sentencing order erroneously sentenced appellant to ten years, eight suspended on the child pornography conviction, a Class 6 felony, carrying a maximum term of five years. Code §§ 18.2-10 and 18.2-374.1:1(A). The indecent liberties sentence was within the statutory range. Code §§ 18.2-10 and 18.2-370(A).

After appellant raised the issue that the child pornography sentence exceeded the statutory maximum, the trial court entered the August 10, 2017 modification order; however, the trial court mistakenly reduced the indecent liberties sentence to five years, with four years suspended, rather than the child pornography sentence it was intended to correct. The trial court did not address the sentencing error for the child pornography conviction in the August 10, 2017 order.

On September 25, 2017, the court recognized the clerical error that had the effect of reducing the indecent liberties sentence instead of the child pornography sentence. The trial court properly corrected the child pornography sentence to five years with four years suspended in its September 25, 2017 order. However, in a separate order meant to reinstate the original ten-year sentence with eight years suspended on the indecent liberties conviction, the court mistakenly ordered a ten-year sentence with nine years suspended.

On January 23, 2019, the court, *sua sponte*, discovered the error in suspending nine years of the ten-year sentence and corrected the error by suspending eight years of the ten-year sentence.

In addition to the statutory authority in Code § 8.01-428(B), the court has inherent authority to correct the record. Council v. Commonwealth, 198 Va. 288 (1956). In Council, the Supreme Court of Virginia adopted the majority rule that the court has the inherent power, based

upon any competent evidence, to amend the record at any time, when "the justice and truth of the case requires it," so as to cause its acts and proceedings to be set forth correctly. Id. at 292. We continue to adhere to the rule adopted in Council. Harris v. Commonwealth, 222 Va. 205, 209-10 (1981). "Where enough information appears in other parts of the record, or official memoranda, entered at the time of the proceeding of the court, to show a mistake has been made by the clerk, the authorities are almost, if not quite, unanimous in holding that the correction may be made." Council, 198 Va. at 292.

While the power is inherent in the court, it is restricted to placing upon the record evidence of judicial action which has actually been taken, and presupposes action taken at the proper time. Under the rule adopted in Council, any amendment or *nunc pro tunc* entry should not be made to supply an error of the court or to show what the court should have done as distinguished from what actually occurred. The court's authority in this connection extends no further than the power to make the record entry speak the truth. Id. at 292-93 (citing Jacks v. Adamson, 47 N.E. 48, 49 (Ohio 1897)).

Scrivener's or similar errors in the record, which are demonstrably contradicted by all other documents, are clerical mistakes. Such errors cause the final decree or the court's record to fail to "speak the truth." See School Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc., 237 Va. 550, 555 (1989). Correctable "clerical mistakes" under Code § 8.01-428(B) include a misstatement on the record by the trial court regarding the length of incarceration a defendant was ordered to serve. Nelson v. Commonwealth, 12 Va. App. 835 (1991).

In Nelson, the trial court sentenced Nelson to fifteen years to be suspended after Nelson served two years. Id. at 836. Approximately fifteen minutes later, the court realized it may have misspoken in pronouncing sentence. Id. The trial judge stated it was her intention to sentence Nelson to fifteen years, to be suspended after Nelson served ten years, not two. Id. We held:

- 5 -

> Based on this record, we find that the trial judge's misstatement regarding the length of time Nelson was ordered to serve in the penitentiary was an error covered by Code § 8.01-428(B). The record clearly supports a finding that the trial court did not intend to impose a lenient sentence and that, at the time of imposing sentence, she actually believed she had ordered Nelson to serve ten years. We find that her statement that the sentence was to be suspended after Nelson served two years was an oversight.

Id. at 838. We held that the judge had the authority to correct her misstatement and resentence Nelson in accordance with her original intention. Id.

The original sentencing order of June 26, 2017 sentenced appellant to a greater term for the child pornography conviction than the statute authorized. In an effort to correct that error, the trial court mistakenly confused the indecent liberties conviction with the child pornography conviction and, instead of reducing the child pornography sentence, erroneously reduced the indecent liberties sentence.

The entirety of the record establishes that the reference to the -00 indecent liberties conviction in the August 10, 2017 modification order is a scrivener's error.[3]

The circuit court already had pronounced a new sentence of five years' imprisonment with four years suspended for the -01 child pornography conviction at the July 28, 2017 resentencing, which the August 10, 2017 order mistakenly assigned to the -00 indecent liberties conviction. The reference to the -00 conviction in the August 10, 2017 correction order was a clerical error that "resulted from a minor mistake or inadvertence, . . . and not from judicial reasoning or

---

[3] The transcript of the September 25, 2017 hearing was not included as a part of the record transmitted to this Court by the trial court. See Rules 5A:7 and 5A:8. Neither party sought certiorari to bring the transcript before this Court. Code § 8.01-675.4. The parties and the court discussed the issue at the August 23, 2019 hearing, which is properly included in the record from the trial court. See Rule 5A:8(a). Thus, we consider only the transcript of the August 23, 2019 hearing. Cf. Godfrey v. Commonwealth, 227 Va. 460, 465 (1984) (refusing to consider a letter that had not been transmitted with the record by the trial court where neither party sought a writ of certiorari); Old Dominion Iron v. VEPCO, 215 Va. 658, 660 (1975) (noting that once the record has been transmitted by the trial court and an appeal has been awarded, the record may not be enlarged except by writ of certiorari).

determination." Error (2), Black's Law Dictionary (11th ed. 2019). The "competent evidence" in the record establishes that the August 10, 2017 order failed to "speak the truth" by inadvertently referencing the wrong conviction. See Wellmore Coal Corp. v. Harman Mining Corp., 264 Va. 279, 283 (2002) (noting that errors which "are demonstrably contradicted by all other documents" are scrivener's errors that the court has the inherent authority to correct at any time).

The September 25, 2017 correction order properly sentenced appellant on the -01 child pornography conviction and mistakenly purported to sentence appellant to ten years with nine years suspended on the -00 indecent liberties conviction. The original sentencing order of June 29, 2017, however, sentenced appellant to ten years, with eight years suspended for the -00 indecent liberties conviction. There is no evidence in the record that the court ever intended to suspend nine years. The January 23, 2019 order simply recited the original sentence of ten years with eight years suspended and never intended to modify it.

At the August 23, 2019 hearing, the parties confirmed that the trial court:

> verbally expressed that [appellant] was to have 10 years with 8 suspended on the -00 [indecent liberties conviction], 5 with 4 suspended on the -01 [child pornography conviction], and 10 with 8 on the -02, but the sentencing order dated August 10th reflected that the change was done to the Count -00, which still would have left -01 unchanged.

Counsel also reminded the trial court that the parties reconvened on September 25, 2017 because the trial court had "flip flopped" the indecent liberties and child pornography sentences and "the Court expressed its intent to change it, Count -00 to 10, 8; -01 to 5, 4; -02 to 10, 8, but the correction order changed -00 to 10, 9; -01 to 5, 4; and -02 to 10, 8." The trial court indicated that after the January 23, 2019 correction order, appellant's sentence correctly reflected its ruling.

Here, there was a series of sentencing orders, all of which contained clerical errors. The provisions of Code § 8.01-428(B) apply, and thus the trial court had jurisdiction to modify the orders to have the record accurately reflect its rulings.

- 7 -

Since appellant's double jeopardy assignments of error (II and IV) are premised on the trial court's lack of jurisdiction, appellant's argument fails because the trial court had jurisdiction under Code § 8.01-428(B) to correct the orders in question.

<u>Affirmed.</u>