COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Chaney and Lorish
Argued at Lexington, Virginia


JONATHAN LEE STRICKLER

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0235-24-3                       JUDGE VERNIDA R. CHANEY
                                                         MAY 20, 2025
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Anne F. Reed, Judge

        Jessica N. Sherman-Stoltz (Sherman-Stoltz Law Group, PLLC, on
        briefs), for appellant.

        Aaron J. Campbell, Assistant Attorney General (Jason S. Miyares,
        Attorney General, on briefs), for appellee.


        Jonathan Lee Strickler argues on appeal that the trial court violated his double jeopardy

and due process rights when it modified his sentence at a later hearing to correct its initial

pronounced sentence. We hold that his double jeopardy claim was not preserved for appeal, and

he fails to demonstrate that his due process rights were violated. Accordingly, this Court affirms

the trial court's judgment.

BACKGROUND[1]

        Strickler pleaded guilty to felony eluding and obstruction without force, in violation of

Code §§ 46.2-817 and 18.2-460. He acknowledged that the maximum sentence for both offenses

was five years and twelve months of incarceration and that the court was not bound to impose the

_____

        [*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

        [1] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing
party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting
*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

Commonwealth's recommended sentencing cap of one year and six months of incarceration. The Commonwealth's proffered summary of the evidence showed that on September 23, 2022, Strickler refused to stop his vehicle as directed by an Augusta County deputy and drove away at speeds reaching 100 miles per hour. Strickler eventually abandoned his car and fled on foot. He was arrested the next day when he went to get his car from the impound lot and again tried to flee from the deputies.

At the sentencing hearing on September 15, 2023, Strickler testified that he fled because he was scared and did not want to be incarcerated. He admitted that he was under the influence of both alcohol and narcotics at the time. Strickler apologized to the court for making the "bad decision" to flee from the deputies. Strickler noted that he had spent seven months in jail awaiting sentencing and that he had been sentenced to six months in Rockbridge County for an unrelated charge. He asked the trial court to run any sentence it would impose concurrently with his Rockbridge County sentence.

The Commonwealth requested that Strickler be sentenced to five years of incarceration on the eluding charge with three years and six months suspended. For the obstruction charge the Commonwealth requested that Strickler be sentenced to 12 months, all suspended. The sentencing guidelines ranged from a low point of one year to a high point of two years and seven months, with a midpoint of two years and five months. The Commonwealth noted that its recommendation was slightly below the guidelines' midpoint because Strickler had taken responsibility by pleading guilty. The Commonwealth opposed running the sentences concurrently with the Rockbridge County sentence.

Before pronouncing sentence, the trial court emphasized that the facts behind Strickler's eluding charge were "of particular concern." The court noted that when Strickler fled he endangered not only himself but also the pursuing deputies and innocent bystanders. The court said

it "appreciate[d]" Strickler's apology but stressed the serious nature of his conduct. On the felony eluding charge, the trial court said Strickler's sentence was "five years of incarceration with four years and six months suspended." As a condition of the suspended sentence the court imposed two years of supervised probation upon release from custody. The court also suspended Strickler's operator's license for a period of one year because the offense was very serious. For the misdemeanor obstruction conviction, the trial court sentenced Strickler to 12 months of incarceration, all suspended.

Before the final judgment order was entered the trial court learned that the sentence for the eluding conviction it had orally pronounced at the hearing was not the sentence it had intended to impose. At the court's direction, the judicial secretary contacted the parties on September 25, 2023, to schedule a hearing on October 13, 2023, to clarify the sentence.

Strickler was released from custody early on the morning of October 13, 2023,[2] but he did not attend the hearing because he had not been told about it. His counsel appeared by phone. The trial court explained that it had misspoken at the September sentencing hearing. The court noted that it "entered the sentence as [it] intended on the sentencing guidelines." The court continued the case so Strickler could be present when the intended sentence was pronounced.[3]

Strickler moved the trial court to reinstate the original sentence for eluding and dismiss the failures to appear. At a hearing on January 5, 2024, the trial court stated that it had intended to sentence Strickler to five years of incarceration, with three years and six months suspended for an active sentence of one year and six months, but either "misspoke" or was "misheard." The court

---

[2] Immediately after the hearing on September 15, 2023, a court clerk sent a disposition notice to the jail that indicated Strickler had six months to serve. He completed his six-month sentence by June 14, 2023, and then served his unrelated Rockbridge County conviction.

[3] The court issued a capias for each conviction for Strickler's failure to appear on October 13, 2023. Strickler was arrested on November 13, 2023. The court later granted Strickler's motion to dismiss his failures to appear.

denied Strickler's motion to reinstate the original sentence, noting that there was no sentence to reinstate because no final order had been entered. The court then imposed one year and six months of active incarceration for the eluding conviction.

ANALYSIS[4]

Strickler argues that the trial court did not have the authority to modify his sentence after the September sentencing hearing and that this action violated his double jeopardy and substantive due process rights. Although Strickler concedes that Code § 8.01-428(B) gives the trial court the authority to correct clerical errors sua sponte at any time, he argues that the trial court's actions "were not a mere correction of a clerical error, but were in fact a modification of his previously imposed sentence."

---

[4]At oral argument the Commonwealth posited that the case was moot because Strickler completed serving his additional one-year sentence on August 9, 2024. "[A] case is moot and must be dismissed when the controversy that existed between litigants has ceased to exist[.]" *Daily Press, Inc. v. Commonwealth*, 285 Va. 447, 452 (2013); *see also Commonwealth v. Browne*, 303 Va. 90, 94 (2024) (holding that Browne's appeal was moot because he had already served the entirety of the sentence ordered by the trial court, and there were no collateral consequences).

Appellant argued that the appeal is not moot because he could apply the over-served time against any future sentence imposed for a later violation under the same sentence. The parties submitted supplemental briefing addressing whether Code § 53.1-187 or any other provision of Virginia law permits a defendant to "credit the excess time against future revocations of his supervised release term under the same sentence." *See United States v. Jackson*, 952 F.3d 492, 498 (4th Cir. 2020) (noting the federal system permits credited time). However, there was no substantive due process violation relying on the sentencing order, which placed Strickler on a probation term that has not yet expired. As such, we do not address this issue on appeal. *See Carter v. Commonwealth*, 79 Va. App. 329, 349 n.9 (2023) ("Virginia appellate courts 'strive to decide cases on the "best and narrowest grounds available."'" (quoting *McGhee v. Commonwealth*, 280 Va. 620, 626 n.4 (2010))).

We assume without deciding that Strickler's case is not moot because he remains on supervised probation as a condition of his suspended sentence for the eluding conviction. Moreover, that term of probation does not begin until the carceral portion of his sentence ends. If Strickler's time calculation is correct, the result would be an earlier completion of his probation.

- 4 -

Whether a trial court has authority to modify its own order is a question of law we review de novo. *Everett v. Tawes*, 298 Va. 25, 34 (2019) (holding that a pendente lite support order could be modified retroactively).

## I. Double Jeopardy Claim

Strickler first argues that the trial court's sentence modification violates double jeopardy because, "by the time [his time calculation sheet was complete]," he had already "fully suffered a lawful punishment for his crimes" by serving "the [c]ourt's [original] sentence." However, Strickler's double jeopardy claim is barred by Rule 5A:18. His motion to reinstate the original sentence addressed only due process, and he did not make a double jeopardy argument to the trial court. Rule 5A:18 requires that an "objection [be] stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Under the rule, "a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc); *see Commonwealth v. Bass*, 292 Va. 19, 26 (2016). "[M]aking one specific argument on an issue does not preserve a separate legal point on the same issue for [appellate] review." *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (second alteration in original) (quoting *Johnson v. Commonwealth*, 58 Va. App. 625, 637 (2011)); *see Ray v. Commonwealth*, 74 Va. App. 291, 306-07 (2022) ("[P]ointing out that Cumbee's testimony had been impeached is not the same as arguing that the testimony was inherently incredible as a matter of law such that it was 'unworthy of belief or that the jury should not be permitted to weigh [Cumbee's] credibility.'" (second alteration in original) (quoting *Bass*, 292 Va. at 33)). Rule 5A:18 applies to constitutional claims. *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500, *aff'd*, 270 Va. 1 (2004); *Ohree v. Commonwealth*, 26 Va. App. 299, 308 (1998). Because Strickler raises his double jeopardy argument for the first time on appeal, we will not consider it. Further, "[a]lthough Rule 5A:18

contains exceptions for good cause or to meet the ends of justice, [Strickler] does not argue these exceptions and we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

## II.  Due Process Claim

Strickler also argues, generally, that due process requires this Court to apply restrictions on the trial court's sentencing power.  However, establishing a substantive due process violation requires a showing that the trial court's modifying the sentence imposed for the eluding conviction to correct a clerical error impacted a "fundamental" right that is "objectively 'deeply rooted in this Nation's history and tradition.'" *Hawkins v. Freeman*, 195 F.3d 732, 750 (4th Cir. 1999) (en banc) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997)).[5]  Or a showing must be made that the trial court was motivated by a vindictive purpose under circumstances that "shock the contemporary conscience." *Id.* (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)).

The opinion of the Fourth Circuit Court of Appeals in *Hawkins* is instructive.  Hawkins, a convicted habitual felon, was mistakenly granted parole and reincarcerated 20 months later after the North Carolina Parole Commission discovered the error. *Id.* at 735.  Hawkins argued that his due process rights were violated. *Id.*  Analyzing the claim under both *Lewis* and *Glucksberg*, the Fourth Circuit held there was no violation. *Id.* at 750.

Regarding *Lewis*, the Fourth Circuit stated that conduct "shock[ing] the conscience" is arbitrary and oppressive. *Id.* at 742.  "[I]t is conduct more blameworthy than simple negligence, which never can support a claim of substantive due process violation by executive act." *Id.*  The

---

[5] This Court grants due and respectful consideration to decisions by the Federal Fourth Circuit Court of Appeals, to the extent that those decisions are persuasive. *See, e.g.*, *Harris v. Wash. & Lee Univ.*, 82 Va. App. 175, 202 (2024) ("While this Court considers Fourth Circuit decisions as persuasive authority, such decisions are not binding precedent for the decisions of this Court." (quoting *Toghill v. Commonwealth*, 289 Va. 220, 227 (2015))).

court concluded that erroneously releasing Hawkins on parole "could not be characterized as anything but simple negligence." *Id.* at 746. Regarding *Glucksberg*, the Fourth Circuit concluded that the right "to remain free on erroneously granted parole" under circumstances that established settled "expectations for continued freedom from incarceration" was not a "fundamental" right that is "objectively, deeply rooted in this Nation's history and tradition." *Id.* at 747 (quoting *Glucksberg*, 521 U.S. at 720-21).

Strickler has failed to carry his burden to identify a due process violation for this Court. The trial court did not arbitrarily or vindictively increase the period of incarceration. *See United States v. Lundien*, 769 F.2d 981, 984 (4th Cir. 1985) (noting that an enhanced sentence prompted by a court's vindictive or other improper motive would be "fundamentally unfair" and "deny the defendant due process"). Rather, before the final judgment order was entered, the judge discovered a discrepancy between the pronounced sentence at the hearing and the sentence she had intended to impose and then clarified the sentence. *See id.* at 987 (recognizing the general rule "that a trial court has the power to recall a defendant who had already been sentenced and to impose a sentence different from that originally imposed"); *Lewis v. Commonwealth*, 295 Va. 454, 467 n.3 (2018) (holding that a trial court may reconsider its judgment of conviction "as it may reconsider any ruling," provided that it does so within the applicable timeframe).

Similar to *Hawkins*, the judge's clerical error in misstating the intended sentence was "simple negligence." Code § 8.01-428(B) allows a court to correct "[c]lerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission . . . at any time on its own initiative." *See Nelson v. Commonwealth*, 12 Va. App. 835, 838 (1991) (holding that Code § 8.01-428(B) gave the trial court authority to correct its misstatement about the sentence it had imposed at an earlier hearing, which increased the term of incarceration).

The record is clear in this case that the trial court intended to sentence Strickler to one year and six months of active incarceration rather than just six months of active incarceration. Before pronouncing its sentence, the court described Strickler's conduct as a serious offense, noting that his flight while intoxicated had endangered himself and others. The completed sentencing guidelines, electronically signed by the court, stated that the trial court had sentenced Strickler to one year and six months of active incarceration. The court did not explain its departure below the sentencing guidelines during its oral recitation of the sentence or in the contemporaneously completed sentencing guidelines. *See* Code § 19.2-298.01 ("In any felony case, other than Class 1 felonies, in which the court imposes a sentence which is either greater or less than that indicated by the discretionary sentencing guidelines, the court shall file with the record of the case a written explanation of such departure.").

Strickler argues generally that the court's sentence modification violated his substantive due process rights. However, relying on *Lundien*, this Court held in *Nelson* that the revising Nelson's sentence did not violate his due process rights because his expectations about the finality of his sentence had not yet "crystallized." 12 Va. App. at 838-40.[6] A court "speaks only

---

[6] The *Hawkins* court considered this part of the *Lundien* opinion to be dicta because the specific issue in *Lundien* was whether a subsequent modification of the original sentence imposed to increase the period of incarceration violated double jeopardy. *See Hawkins*, 195 F.3d at 749 ("[I]n view of their specific holdings the due process assumptions made in [*Lundien*] were dicta."). In *Lundien*, the court rejected the double jeopardy claim before discussing the likelihood of a due process violation and finding none. *See Lundien*, 769 F.2d at 984, 986-87 ("Although the parameters of due process to be accorded at sentencing are not firmly fixed, it is beyond doubt that a sentence enhanced, whether before or after commencement of service, because of the vindictiveness or other plainly improper motive of the trial court would be fundamentally unfair and would deny the defendant due process.").

Additionally, the United States Supreme Court has specifically rejected "crystallized expectations" as a source of substantive due process right in a related context. *Hawkins*, 195 F.3d at 749; *see Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981) (holding that a felon's "expectation" of commutation or pardon because of consistent practice in comparable cases is "simply a unilateral hope" that does not give rise to a constitutionally protected liberty interest).

through its written orders." *Perkins v. Howington*, 82 Va. App. 1, 14 (2024) (quoting *Davis v. Mullins*, 251 Va. 141, 148 (1996)). Because no written order had been entered in this case when the court discovered the discrepancy, the matter was not yet final. *See* Rule 1:1; *Commonwealth v. McBride*, 302 Va. 443, 451 (2023) (stating that "[i]f a trial court can modify, within time limits, a final order, *a fortiori* it can modify a non-final verbal pronouncement from the bench" and holding that Rule 3A:15 does not in all instances preclude a trial court from reconsidering a motion to strike that was erroneously granted in a criminal case). Absent a written final order, Strickler has no claim to a "crystallized expectation" about his sentence.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*